20178

The STATE, Respondent, v. Michael DURHAM, Appellant.

(222 S. E. (2d) 768)

*Messrs. Hemphill P. Pride, II* and *Jesse Clark* of *Perry and Pride,* and *Tom Turnipseed* of *Turnipseed, Rothwell and Butler,* Columbia, *for Appellant,*

*Messrs. Daniel R. McLeod, Atty. Gen., Richard P. Wilson, Asst. Atty. Gen., and James C. Anders, Sol.,* of Columbia, *for Respondent,*

March 1, 1976.                    ,

*Per Curiam:*

The appellant, Michael Durham, was charged with possessing 52 pounds of marihuana with intent to distribute. He was tried by a jury, found guilty, and sentenced by the judge. He has appealed, alleging several errors on the part of the trial court.

The record reveals that Lt. Galvin, of the Columbia City Police Department, obtained certain information from a reliable informant. He went before a ministerial recorder, Miss Booth, and made affidavit as a basis for procuring a search warrant, which was issued. That search warrant authorized a search of the premises known as 1531 Lily

Street, for several drugs named in the search warrant, including marihuana.

Armed with this search warrant, Lt. Galvin and several officers went to the premises designated. Officer Keefe found the appellant in the yard near his Torino Ford automobile. Apparently in an effort to discourage a search of the house, the appellant blurted out a consent that the automobile be searched. The marijuana was found therein. One of the other officers, participating in the search, possessed the search warrant. A search of the entire premises followed. Among those items found in the house was a set of small, delicate scales, used to weigh very small amounts of chemicals, etc. Several law enforcement officers testified on behalf of the State and presented exhibits. The defense submitted no evidence.

One of the appellant's contentions in the court below, and here, is that the search warrant was invalid and that the marijuana was the fruit of the poisoned tree.

Counsel for the appellant knew who the confidential informant was. He was neither a participant nor a material witness. Counsel for the appellant sought to cross-examine Lt. Galvin relative to the confidential informant and especially to attack his credibility. Such cross-examination was permitted, but finally limited by the judge.

On this appeal, the first question submitted is as follows: "Whether the Court committed constitutional and plain error of first magnitude in denying the Appellant's attorney the right to cross-examine police officers as to the credibility and reliability of the police's confidential informer, who allegedly supplied the sole basis of probable cause for the issuance of the search warrant for number 1531 Lily Street, the Appellant's home?"

The defense of this case consisted largely of efforts to exclude evidence which the appellant had been found to possess. It is argued that the informant was not credible, that Lt. Galvin did not perform his duties, that the minis-

terial recorder was not qualified and did not give proper consideration to the application for a search warrant.

We have before us the affidavit, the search warrant, the return, and the testimony of witnesses relative thereto. We conclude that there was no error in the handling of the search warrant and that the same was valid for the purposes used. The cross-examination relative to the search warrant was conducted within the sphere of the judge's discretion. He found that the search for the marihuana in the automobile was consented to, and that the order items were properly seized under a valid search warrant. We agree.

Counsel next urges that the court committed prejudicial error in permitting the police officers to testify, over objection, that the seized scales were commonly used to weigh fine amounts of drugs. It is argued that the testimony was merely conclusions and opinions. The police officer was shown to be qualified to render such an opinion; as an experienced narcotics officer, he had information relative to such a scale not commonly within the knowledge of a juror. There was no error in admitting the testimony. It was clearly relevant on the issue of intent to distribute.

Appellant contends that law enforcement officers should not have been allowed to testify that the appellant blurted out that there was no need for the police to tear up the house looking for drugs, that he had the keys to the car in his hands and that the dope was in the trunk of the car. Counsel urges that no *Miranda* warnings had been given. Under the facts, we are of the opinion that *Miranda* warnings were not required and, accordingly, no error is found.

Appellant next urges error on the part of the trial court in admitting into evidence three large plastic bags containing marihuana, two police photographs of the three bags in the car trunk, a quantity of hashish, and the scale, all of which appellant insists were the fruit of an unlawful search

and seizure. It is submitted that the search warrant was issued without a sufficient showing of probable cause that the search warrant was defective, that the search warrant was not timely, and that the search of appellant's car was unlawful. We are of the opinion that the items were properly admitted in evidence because of the valid search warrant and the voluntary consent.

Next, appellant submits that the trial judge erred in permitting the prosecution to recall a witness. At the beginning of the trial, the witnesses were sequestered. After Lt. Bane testified, he remained in the courtroom and was later recalled to testify relative to the chain of possession of the 52 pounds of marihuana and other items. The question of whether witnesses should be sequestered at all is largely within the discretion of the trial judge. The same is true relative to the right to recall a witness. We have reviewed the record and find no abuse of discretion.

Appellant submits that the trial judge erred in failing to charge the jury, as requested, that the jury must find that the substance was *Cannabis sativa L.* The offense charged occurred on June 24, 1974. At that time, § 7 of Act No. 445 of the Acts of the General Assembly for 1971, defined marihuana in part as follows:

" 'Marihuana' means all parts of the plant *Cannabis sativa L.,* whether growing or not; . . ."

On July 18, 1974, the General Assembly, by Act No. 1225, redefined marihuana to read in part as follows:

" 'Marihuana' means all species or variety of the marihuana plant and all parts thereof whether growing or not; . . ."

The definition is now found in § 32-1510.27, Code of Laws of South Carolina (1962) *as amended* (1975 Supp.). At the time of the request for the additional charge, the judge had stated to the jury, "and I charge you that the drug named in this indictment is marihuana and I charge

you that the laws of this State make it unlawful to possess or to sell or to distribute this drug."

This Court has not been heretofore called upon to rule upon the question now presented. Other courts have. An interesting discussion of the problem brought about by the definitions is to be found in the case of *United States v. Honneus,* 1 Cir., 508 F. (2d) 566. The weight of authority seems to be *contra* to the position taken by the appellant here. In *Honneus,* the First Circuit Court of Appeals ruled that although the words *Cannabis sativa L.* were used, it was obviously the intent of Congress to proscribe any type of the plant producing the hallucinogenic material popularly known in this country as marihuana. The court went on to hold that the definition was sufficient to place the accused person on notice that he possessed the materials at his own peril. There can be no doubt but that the appellant here was aware of the fact that his possession of the 52 pounds of marihuana was illegal. We think that the reasoning of the court in *Honneus,* which has been followed in other courts, is sound and, accordingly, appellant's exceptions addressed to this point are found to be without merit.

The questions treated hereinabove are argued by counsel for the appellant under several subheads. We have not treated each subhead argument as a separate question, but have given consideration to each and find them without merit.

Affirmed.