21242

The STATE, Respondent, v. Arnold OLIVER, Willie Williams and Carl Williams, of which Arnold Oliver is the Appellant. The STATE, Respondent, v. Carl WILLIAMS, (Two Cases) Appellant.

(267 S. E. (2d) 529)

*George Anderson,* and *B. Henderson Johnson, Jr.,* of *Williams & Johnson,* Aiken, *for appellant Arnold Oliver.*

*Staff Atty. Tara D. Shurling,* of *S. C. Commission of Appellate Defense,* Columbia, *for appellant Carl Williams.*

*Atty. Gen. Daniel R. McLeod* and *Asst. Attys. Gen. Brian P. Gibbes* and *Kay G. Crowe,* Columbia, and *Sol. Sylvia W. Westerdahl,* Aiken, *for respondent.*

May 28, 1980.

LEWIS, Chief Justice:

Appellants Arnold Oliver and Carl Williams were jointly indicted with Willie Williams for conspiracy to commit housebreaking and grand larceny. Their codefendant Willie Williams entered a plea of guilty, and they were tried and convicted by a jury. They contend in these appeals that the evidence was insufficient to establish their guilt and conse-

quently the trial judge erred in refusing their motions for a directed verdict.

Conspiracy is defined by Section 16-17-410, Code of Laws of South Carolina 1976 as ". . . a combination between two or more persons for the purpose of accomplishing a criminal or unlawful object or an object neither criminal nor unlawful by criminal or unlawful means."

The State relied upon circumstantial evidence to establish the guilt of appellants.

> We have held that a formal express agreement is not necessary to establish the conspiracy, and that it may be shown by circumstantial evidence and the conduct

of the parties. *State v. Fleming,* 243 S. C. 265, 133 S. E. (2d) 800.

> In determining whether the Court erred in refusing to direct a verdict we must consider all of the facts and circumstances in the light most favorable to the

State for the purpose of determining whether the evidence is "susceptible of a reasonable inference that could have convinced a jury, properly charged on the burden of proof and the law relative to circumstantial evidence," that appellants were guilty of conspiracy as charged. *State v. Chandler,* 267 S. C. 138, 226 S. E. (2d) 553.

Although there is no direct evidence that appellants and their codefendant had a mutual understanding to commit housebreaking and larceny, the facts and circumstances are susceptible to the reasonable inference that they did in fact conspire to commit the unlawful acts.

Two homes were broken into on Sunday afternoon, October 29, 1978, in Aiken County, South Carolina, one the home of a Mr. Bradley and the other a Mrs. Sullivan. Appellants and their codefendant Willie Williams were charged with conspiracy to break and enter these homes.

The testimony showed that defendant Willie Williams, who pled guilty to conspiracy, rented a U-Haul truck in

Augusta, Georgia, about October 18, 1978. He did not return the truck and later, on October 29, 1978, he, with two other blacks, driving a U-Haul truck, purchased gasoline at a filling station in Appling, Georgia, about 40 to 50 miles from the scene of the crimes here involved. They were given a Texaco card receipt for the purchase. This ticket was later, on the same day, found near one of the crime scenes. The filling station attendant could not identify the occupants of the truck, but said that one was small, another was fat, and could not recall the third. She remembered that one man had a jacket and a hat, but did not remember the colors.

A Mr. Cushman testified that on Sunday afternoon, October 29, the same date of the earlier gasoline purchase in Georgia, he saw a U-Haul truck parked near the home of his neighbor Bradley in Aiken County, South Carolina. Mr. Bradley was away and Mr. Cushman was looking after his property. He could see his neighbor's house open and could see people about the premises. He observed something "green or dark", inferably the green coat which appellant Oliver was found wearing when apprehended. Mr. Cushman then saw three black men hurriedly leave the Bradley home travelling in the U-Haul truck. Two television sets and a vacuum were removed from the house, but left on the premises. The latch on the back door had been broken off. He noticed three shoe tracks and noted the lines and markings left by the shoes.

Later, on the same Sunday afternoon, the home of Mrs. Sullivan, in Aiken County, was broken into. The investigating officer found tracks at the scene and made pictures of the shoe prints. They were similar to the tracks earlier found at the Bradley home, indicating that the same individuals entered both places. These pictures of the shoe tracks were introduced into evidence, at the trial and were before the jury for comparison with the shoes worn by appellant Oliver at the time of his arrest.

Still later on the same Sunday afternoon, a U-Haul truck was observed by an officer about 2½ to 3 miles from the last crime scene, occupied by three black men. The officer had received a report to be on the lookout for a U-Haul truck with three black males, one wearing a "green type coat." Appellants and their codefendant were arrested and appellant was wearing a green coat and blue tennis shoes; one of the individuals was heavy set and two were small. The coat and shoes were introduced into evidence.

The codefendant Willie Williams testified and admitted that he and appellants were together at the times during the Sunday afternoon in question, but denied that they were with him at the time of the entries into the Bradley and Sullivan homes.

The identity of the U-Haul truck at the crime scenes; the presence of three black males entering the Bradley residence; the observation of a green object at the scene, inferably the green coat worn by appellant Oliver; the opportunity of the jury to compare the pictures of the shoe tracks at the scenes with the shoes worn by appellant Oliver at the time of the arrest; the presence of appellants and their codefendant together during the afternoon in question and their apprehension together in the U-Haul truck within 2½ to 3 miles of the last crime scene; and the opportunity of the jury to observe appellants in the light of the identification testimony of the witnesses reasonably tended to establish the guilt of appellants, and the trial judge properly denied their motions for a directed verdict.

Judgment affirmed.

LITTLEJOHN, NESS and GREGORY, JJ., and WALTER T. Cox, III, Acting Associate Justice, concur.