22657

The STATE, Respondent v. Charles Jerome ADAMS, Appellant.

(352 S. E. (2d) 483)

Supreme Court

*B. Henderson Johnson, Jr.,* Aiken, *B. H. Barton,* Augusta, Ga., and *W. Gaston Fairey,* Columbia, *for appellant.*

*Atty. Gen. T. Travis Medlock, Asst. Attys. Gen. Harold M. Coombs, Jr.,* and *Norman Mark Rapoport,* Columbia, and *Solicitor Robert J. Harte,* Aiken, *for respondent.*

Heard Nov. 17, 1986.

Decided Jan. 19, 1987.

GREGORY, Justice:

Appellant was convicted of possession of valium and hashish and possession of marijuana and cocaine with intent to distribute. We reverse.

State narcotics agents obtained a search warrant after an undercover operation revealed that a sale of a substantial amount of cocaine was to occur at appellant's residence. The search was executed and agents seized residual amounts of controlled substances, a large inventory of drug paraphernalia, thirty guns, and $134,000.00 in cash.

Appellant first contends that the evidence should have been suppressed because the search warrant was not supported by probable cause. A determination of

probable cause depends upon the totality of the circumstances. *State v. Pressley*, 288 S. C. 128, 341 S. E. (2d) 626 (1986) citing *Illinois v. Gates*, 462 U. S. 213, 103 S. Ct. 2317, 76 L. Ed. (2d) 527 (1983). The duty of this Court is to ensure that the issuing magistrate had a substantial basis upon which to conclude that probable cause existed. *Id.* We find the evidence of a contemporaneous drug deal cited in the warrant's supporting affidavit was a sufficient basis for the determination of probable cause under the totality of the circumstances.

Appellant also contends as a ground for suppression that the issuing magistrate was not neutral and detached. A magistrate who participates in a general search for evidence is not neutral and detached. *Lo-Ji Sales, Inc., v. New York*, 442 U. S. 319, 99 S. Ct. 2319, 60 L. Ed. (2d) 920 (1979). Police officers contacted the magistrate as the drug transaction was about to transpire and he met them nearby appellant's residence to sign the warrant. The magistrate's presence near the scene of the search does not in itself constitute participation. Moreover, police officers testified that the magistrate was not included in any way in the undercover operation. The record before us indicates the issuing magistrate was neutral and detached.

Appellant argues the trial judge erred in sua sponte refusing to allow the magistrate to testify at the suppression hearing regarding this issue. This was error. Appellant's failure to make an offer of proof, however, precludes consideration of this issue on appeal. *State v. Cabbagestalk*, 281 S. C. 35, 314 S. E. (2d) 10 (1984).

Appellant next contends he is entitled to a directed verdict of acquittal on the charges of possession with intent to distribute cocaine and marijuana because the amounts seized were less than the statutory amounts that trigger the presumption of intent to distribute. *See* S. C. Code Ann. § 44-53-370(d)(3) 1985). Conviction of possession with intent to distribute does not hinge upon the amount involved. *State v. Simpson*, 275 S. C. 426, 272 S. E. (2d) 431 (1980). Viewed in the light most favorable to the State, the evidence of the various drug paraphernalia and the residue of controlled substances was sufficient to submit the case to the jury. *Id; see also State v. Durham*, 266 S. C. 263, 222 S. E. (2d) 768 (1976). This exception is without merit.

Appellant contends he is entitled to a new trial because the trial judge erroneously charged the jury. We agree.

First, the trial judge refused to give a requested jury charge on simple possession, which is a lesser included offense to possession with intent to distribute. A trial judge must charge a lesser included offense if there is evidence from which it can be inferred that the defendant committed the lesser rather than the greater offense. *State v. Drafts*, 288 S. C. 30, 340 S. E. (2d) 784 (1986). Because the amounts of marijuana and cocaine in evidence were less than the statutory amounts that establish a presumption of possession with intent to distribute, appellant was entitled to a charge on simple possession of these substances.[1]

Further, the trial judge charged the jury that articles in a dwelling house "must be deemed to be in the constructive possession of the person controlling the house in the absence of evidence to the contrary." The jury could have taken this language to require appellant to rebut the State's evidence. This instruction impermissibly shifted the burden of proof to appellant to disprove possession which is an element of the offense charged. *State v. Peterson*, 287 S. C. 244, 335 S. E. (2d) 800 (1985); *State v. Key*, 282 S. C. 413, 319 S. E. (2d) 338 (1984). Moreover, the error could not be harmless in view of appellant's asserted defense that he had no knowledge of the presence of the drugs and that another person was using his residence in his absence immediately prior to the search.

The trial judge's charge tracks language found in *State v. Ellis*, 263 S. C. 12, 207 S. E. (2d) 408 (1974), which is no longer valid. The proper charge on constructive possession is to instruct the jury that the defendant's knowledge and possession may be inferred if the substance was found on premises under his control. *State v. Hudson*, 277 S. C. 200, 284 S. E. (2d) 773 (1981); *State v. Brown*, 267 S. C. 311, 227 S. E. (2d) 674 (1976). The trial judge should explain to the jury that it is free to accept or reject this permissive inference of knowledge and possession de-

---

[1] This case is distinguishable on its facts from *State v. Cude*, 265 S. C. 313, 218 S. E. (2d) 240 (1975), where the amount of controlled substances was greater than the amount that raises the statutory presumption of intent to distribute.

pending upon its view of the evidence. *State v. Peterson, supra.*

Appellant's remaining exceptions are without merit and are disposed of under Supreme Court Rule 23. *See State v. Knight,* 258 S. C. 452, 189 S. E. (2d) 1 (1972) (admission of photographs); *State v. Plyler,* 275 S. C. 291, 270 S. E. (2d) 126 (1980) (hearsay); *State v. Caldwell,* 283 S. C. 350, 322 S. E. (2d) 662 (1984); *State v. Durham,* 266 S. C. 263, 222 S. E. (2d) 768 (1976) (expert testimony).

The judgment of the lower court is reversed and the case is remanded for a new trial in accordance with this decision.

Reversed and remanded.

NESS, C. J., CHANDLER and FINNEY, JJ., CONCUR.

HARWELL, J., not participating.