23125

David Ray MATTHEWS, Petitioner-Respondent v. STATE of South Carolina, Respondent-Petitioner.

(387 S. E. (2d) 258)

Supreme Court

*Asst. Appellate Defender Stephen P. Williams,* of *S. C. Office of Appellate Defense,* Columbia, *for petitioner-respondent.*

*Atty. Gen. T. Travis Medlock* and *Chief Deputy Atty. Gen. Donald J. Zelenka,* Columbia, *for respondent-petitioner.*

Heard Feb. 20, 1989.

Decided Jan. 2, 1990.

FINNEY, Justice:

Appellant David Ray Matthews was convicted of possession of marijuana with intent to distribute and trafficking in marijuana—possession of at least ten (10) but less than one hundred (100) pounds. Matthews was sentenced to consecutive terms of imprisonment of five years suspended upon service of two years for possession with intent to distribute and ten years suspended upon service of six years for trafficking. On application for post conviction relief (PCR), the circuit court found that Matthews received ineffective assistance of appellate counsel and was, therefore, entitled to review of his direct appeal issues pursuant to *Davis v. State,* 288 S. C. 290, 342 S. E. (2d) 60 (1986). We granted certiorari, affirmed the decision of the PCR judge, and ordered briefing of the direct appeal issues. We affirm in part and reverse in part.

The question presented is whether cumulative punishment for possession of marijuana with intent to distribute and trafficking in marijuana, based upon possession of ten or more pounds[1] under S. C. Code Ann. § 44-53-370 (1985), violates principles of double jeopardy.

Under S. C. Code Ann. § 44-53-370(a)(1) (1985), a person is guilty of possession with intent to distribute marijuana if he possesses the substance with an intent to distribute it. Possession of any amount of marijuana, coupled with sufficient indicia of intent to distribute, will support a conviction for possession with intent to distribute. *State v. Adams,* 291 S. C. 132, 352 S. E. (2d) 483 (1987). On the other hand, trafficking in marijuana, based solely on possession, is committed when

---

[1] The offense of trafficking in marijuana has many variations. In addition to trafficking based on possession, trafficking may be committed if a person "... knowingly sells, manufactures, delivers, or brings into this State, or ... provides financial assistance or otherwise aids, abets, or conspires to sell, manufacture, deliver, or bring into this State ..." ten or more pounds of marijuana. S. C. Code Ann. § 44-53-370(e) (1985).

a person knowingly possesses ten pounds or more of marijuana. S. C. Code Ann. § 44-53-370(e)(1) (1985).

For purposes of double jeopardy analysis, the United States Supreme Court established the following rule of statutory construction as a means of ascertaining legislative intent:

> [T]he test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of a fact which the other does not.

*Blockburger v. United States*, 284 U. S. 299, 304, 52 S. Ct. 180, 182, 76 L. Ed. 306 (1932).

Subsequently, the Court indicated that the *Blockburger* rule is not controlling when legislative intent is clear from the face of the statute or the legislative history. *Garrett v. United States*, 471 U. S. 773, 105 S. Ct. 2407, 85 L. Ed. (2d) 764 (1985); *Missouri v. Hunter*, 459 U. S. 359, 103 S. Ct. 673, 74 L. Ed. (2d) 535 (1983); *Albernaz v. United States*, 450 U. S. 333, 101 S. Ct. 1137, 67 L. Ed. (2d) 275 (1981); *Whalen v. United States*, 445 U. S. 684, 100 S. Ct. 1432, 63 L. Ed. (2d) 715 (1980). With regard to cumulative punishment, "the [d]ouble [j]eopardy [c]lause does no more than prevent the sentencing court from prescribing greater punishment than the legislature intended." *Missouri v. Hunter*, 459 U. S. at 366, 103 S. Ct. at 678; *Albernaz v. United States*, 450 U. S. at 344, 101 S. Ct. at 1145.

We conclude that legislative intent is clear from the structure of section 44-53-370. Therefore, a *Blockburger* analysis is unnecessary, and the *Blockburger* precedent is not controlling. The offenses at issue are both set forth in section 44-53-370. It is our opinion that the legislature intended to establish penalties for possession of marijuana which are directly related to the amount of marijuana possessed by a defendant. Under S. C. Code Ann. § 44-53-370(d)(3) (1985), a person who possesses less than one (1) ounce of marijuana is guilty of a misdemeanor and subject to imprisonment for a term not to exceed thirty (30) days. The same subsection provides that if one possesses an ounce or more of marijuana he is *prima facie* guilty of possession with intent to distribute and subject to a term of imprisonment not to exceed five (5) years. Under subsection (e)(1) a person in

possession of ten or more pounds of marijuana is guilty of trafficking. Subsections (e)(1)(a), (b), (c) and (d) each provide for increasing penalties as the quantity of marijuana possessed increases.

Where possession of an identical amount of marijuana would sustain convictions for both possession with intent to distribute and trafficking based upon possession, this Court is persuaded that the General Assembly did not intend to permit punishment under both statutory provisions. Under this legislative scheme, we conclude that the legislature intended possession with intent to distribute to be a lesser-included offense of trafficking based upon possession. Therefore, when there is conflicting evidence as to whether the amount of marijuana involved is sufficient to invoke the trafficking statute, both charges should be submitted to the jury. Where, however, the undisputed evidence is that the amount involved exceeds the minimum trafficking amount, then only the trafficking charge should be submitted to the jury.

Based on the foregoing, we vacate the conviction and sentence for possession of marijuana with intent to distribute and affirm the conviction and sentence for trafficking in marijuana.

Accordingly, the decision of the trial court is affirmed in part and reversed in part.

Affirmed in part; reversed in part.

GREGORY, C. J., and HARWELL, CHANDLER and TOAL, JJ., concur.