23230

The STATE, Respondent v. Lewis D. GOLDSMITH, Appellant.

(392 S.E. (2d) 787)

Supreme Court

---

[2] Since then, respondent has made full restitution to Turner, Padget and to CIGNA.

*Asst. Appellate Defender Tara Dawn Shurling*, of *the South Carolina Office of Appellate Defense*, Columbia, *for appellant*.

*Atty. Gen. T. Travis Medlock, Asst. Attys. Gen. Harold M. Coombs, Jr.*, and *Norman Mark Rapoport*, Columbia, and *Sol. Joseph J. Watson*, Greenville, *for respondent*.

Heard April 3, 1990.

Decided June 18, 1990.

GREGORY, Chief Justice:

Appellant was convicted of possession with intent to distribute, conspiracy to distribute, and simple possession of both marijuana and cocaine. He was sentenced to concurrent terms and/or fines on all counts. We affirm in part and vacate in part.

The record indicates on July 22, 1988, deputies of the Greenville County Sheriff's Office executed a search warrant at Oakview Village Apartments #192 in Taylors, South Carolina. The officers saw appellant's codefendants, Timmy Cooper and Adele Jordan, standing in front of the building as they approached. Cooper ran into apartment #192 before the officers and attempted to prevent their entrance by slamming the apartment door on the first officer's arm.

When the first officer entered the apartment, he saw appellant sitting at a table. A clear plastic sandwich bag containing .1 gram of cocaine, a set of portable scales used for weighing grams, a tube straw of the type used to inhale cocaine, and package of rolling papers were on the table. Near a leg of the table were two clear plastic bags of marijuana. One, containing 310.92 grams, was concealed inside a larger shopping bag; the other, however, was in plain view on the floor next to the shopping bag and contained 113.4 grams. Two hundred dollars were found hidden in appellant's sock. Appellant did not reside at apartment #192.

Pursuant to their search of the apartment, the officers also seized foil-wrapped packages containing more than five grams of cocaine found in the freezer, a small amount of marijuana from the bedroom, and a cup of marijuana seeds from a kitchen cabinet.

Appellant contends he was entitled to a directed verdict of acquittal on all counts because the State failed to prove his possession of any controlled substance. Possession of more than ten grams of cocaine or twenty-eight grams of marijuana establishes a prima facie case of possession with intent to distribute. S.C. Code Ann. § 44-53-370(d)(3) (1985). Possession of these threshold amounts, however, is not a required element of the offense of possession with intent to distribute. Possession of *any* amount of controlled substance when coupled with sufficient indicium of intent to distribute will support a conviction for possession with intent to distribute. *Matthews v. State,* — S.C. —, 387 S.E. (2d) 258 (1990); *State v. Adams,* 291 S.C. 132, 352 S.E. (2d) 483 (1987). Proof of possession of drug paraphernalia is sufficient indicia of intent to distribute to support submission of such a charge to the jury where the amount of the controlled substance possessed is less than that specified in § 44-53-370(d)(3). *State v. Adams, supra; see also State v. Durham,* 266 S.C. 263, 222 S.E. (2d) 768 (1976) (evidence regarding scales in accused's possession relevant on issue of intent to distribute).

Further, possession may be inferred from the circumstances and is imputed to one who has the power and intent to control the disposition or use of contraband. *State v. Kimbrell,* 294 S.C. 51, 362 S.E. (2d) 630 (1987); *State v. Ellis,* 263 S.C. 12, 207 S.E. (2d) 408 (1974). Actual knowledge of the presence of contraband is strong evidence of intent to control its disposition or use. *State v. Kimbrell, supra; State v. Lane,* 271 S.C. 68, 245 S.E. (2d) 114 (1978).

Viewing the evidence in the light most favorable to the State, it may be reasonably inferred appellant had actual knowledge of the .1 gram of cocaine in plain view on the table and the 113.4 grams of marijuana in plain view on the floor in his immediate vicinity. Possession of this contraband, including the paraphernalia also in plain view, is therefore imputed to appellant. *State v. Kimbrell, supra.* This

evidence supports the submission of possession with intent to distribute marijuana and possession with intent to distribute cocaine to the jury.[1] *Matthews v. State, supra; State v. Adams, supra.* Submission of the conspiracy charges was proper based on the evidence appellant was alone in another's residence with controlled substances and paraphernalia in his constructive possession when Cooper attempted to prevent the officers from entering the apartment. *See State v. Oliver,* 275 S.C. 79, 267 S.E. (2d) 529 (1980) (conspiracy may be shown by circumstantial evidence including the parties' conduct). We conclude the trial judge properly denied the motion for directed verdict on all counts.

Appellant further contends the trial judge should have granted his motion for a mistrial. On direct examination of Officer Rogers, the solicitor asked why the Sheriff's Office chose this particular day to execute the search warrant. Officer Rogers answered: "We had information [appellant] and Mr. Cooper would both be present at the time." The trial judge sustained defense counsel's objection and instructed the jury to disregard the answer. Counsel then moved for a mistrial.

An instruction to disregard incompetent evidence is usually deemed to have cured any prejudice in its admission. *State v. Dawkins,* 297 S.C. 386, 377 S.E. (2d) 298 (1989); *State v. Craig,* 267 S.C. 262, 227 S.E. (2d) 306 (1976). Although it was improper for the solicitor to pose such a question, the resulting prejudice was not of such a magnitude as to affect the outcome of the trial in light of the competent evidence discussed above. *See State v. Dawkins, supra.*

We affirm appellant's convictions for possession with intent to distribute and conspiracy to distribute both cocaine and marijuana; the convictions for simple possession of cocaine and marijuana are vacated as lesser included offenses. *Matthews v. State, supra.*

Affirmed in part; vacated in part.

HARWELL, CHANDLER, FINNEY and TOAL, JJ., concur.

---

[1] The .1 gram of cocaine at issue is less than the 10 grain amount specified in § 44-53-370(d)(3).