## 1726

The STATE, Respondent v. Roland Rod ROBINSON, Appellant.

(411 S.E. (2d) 678)

Court of Appeals

*Asst. Appellate Defender Tara Dawn Shurling*, of *South Carolina Office of Appellate Defense*, Columbia, *for appellant.*

*Atty. Gen. T. Travis Medlock, Asst. Attys. Gen. Harold M. Coombs, Jr.*, and *William Edgar Salter, III*, Columbia, and *Sol. Ralph J. Wilson*, Conway, *for respondent.*

Heard Oct. 15, 1992; Decided Dec. 2, 1991.

Rehearing Denied Dec. 23, 1991.

CURETON, Judge:

The issue in this appeal is whether a quantifiable or measurable amount of cocaine must be found in the possession of the appellant in order to sustain a conviction against him for possession of cocaine. We hold a measurable amount must be possessed to support such a conviction. The appellant's conviction is affirmed.

At trial, the State produced testimony that on April 15, 1989, officers went to Winyah Grill, a place known for drug activity, and found Robinson standing next to a man by the name of Evans. Evans was rolling a marijuana cigarette. When Robinson saw the officers, he yelled "the heat is in the house." Thereafter, the officers searched Evans and found several vials of cocaine. They arrested Evans for possession of cocaine. Meantime, Robinson was observed by an officer throwing something into a trashcan. The trashcan was searched and drug paraphernalia consisting of a makeshift cocaine smoking pipe and a plastic vial were found.[1] A chemical analysis of the pipe and vial revealed a residue of cocaine in an amount that was neither weighable nor otherwise measurable as to quantity.

---

[1] The arresting officer testified on direct examination he saw Robinson throw the pipe and vial in the empty trashcan. On cross-examination there was a discussion between Robinson's attorney and the officer relative to whether he actually saw Robinson throw the pipe into the trashcan. The officer conceded he saw only the butt of the pipe being thrown into the trashcan. There was no discussion of whether or not this officer saw Robinson throw the vial into the trashcan.

Robinson contends on appeal the trial judge committed reversible error in not granting his motion for directed verdict of acquittal because the State did not present sufficient proof he possessed cocaine in a measurable amount as contemplated by *S.C. Code Ann.* § 44-53-370(c) (1976). Thus, he argues the trial court should have decided as a matter of law the crime of possession of cocaine had not been proved and should have directed a verdict in his favor.

In ruling on a criminal defendant's motion for a directed verdict, a trial court must view the evidence in the light most favorable to the State. Any evidence, direct or circumstantial, tending to prove the guilt of the accused creates a jury issue. *State v. Owens*, 291 S.C. 116, 352 S.E. (2d) 474 (1987); *State v. Mathis*, 287 S.C. 589, 340 S.E. (2d) 538 (1986).

Where the State relies exclusively on circumstantial evidence to prove its case, the judge is required to submit the case to the jury if there is any substantial evidence which reasonably tends to prove the guilt of the accused, or from which his guilt may be fairly and logically deduced. *State v. Stokes*, 299 S.C. 483, 386 S.E. (2d) 241 (1989); *State v. Edwards*, 298 S.C. 272, 379 S.E. (2d) 888 (1989), *cert. denied*, 493 U.S. 895, 110 S. Ct. 246, 107 L. Ed. (2d) 196 (1989).

A review of the law from other jurisdictions reveals a majority of jurisdictions hold possession of the residue of a contraband drug, so long as the residue is capable of being identified, is sufficient to support a conviction for possession. See *Robbs v. Commonwealth*, 211 Va. 153, 176 S.E. (2d) 429 (1970); *State v. Dodd*, 28 Wis. (2d) 643, 137 N.W. (2d) 465 (1965); *Partain v. State*, 139 Ga. App. 325, 228 S.E. (2d) 292 (1976), *aff'd*, 238 Ga. 207, 232 S.E. (2d) 46 (1977); *State v. Thomas*, 20 N.C. App. 255, 201 S.E. (2d) 201 (1973), *cert. denied*, 284 N.C. 622, 202 S.E. (2d) 277 (1974).

While our Supreme Court has never considered the precise question presented here, it has held several times that possession of any amount of a controlled substance when coupled with sufficient indicia of intent to distribute will support a conviction for possession with intent to distribute. *State v. Goldsmith*, 301 S.C. 463, 392 S.E. (2d) 787 (1990); *Matthews v. State*, 300 S.C. 238, 387 S.E. (2d) 258 (1990); *State v. Adams*, 291 S.C. 132, 352 S.E. (2d) 483 (1987). On the other hand, our

Supreme Court has said that in order for an accused to possess contraband he must have both the power and intent to control its disposition or use. *State v. Kimbrell*, 294 S.C. 51, 362 S.E. (2d) 630 (1987); *State v. Ellis*, 263 S.C. 12, 207 S.E. (2d) 408 (1974). Actual knowledge of the presence of contraband is strong evidence of intent to control its disposition or use. *Goldsmith*, 301 S.C. 463, 392 S.E. (2d) 787; *Kimbrell*, 294 S.C. 51, 362 S.E. (2d) 630; *State v. Lane*, 271 S.C. 68, 245 S.E. (2d) 114 (1978).

Our statute makes it illegal for a person to "knowingly or intentionally" possess cocaine. § 44-53-370(c). The statute specifies no minimum amount. Thus, at least on the face of the statute there is no impediment to an application of the majority rule. However, we agree with Robinson's argument that under our Supreme Court's formulation of the criteria for possession, it cannot be gainsaid that one could have the power and intent to control the disposition or use of an amount of a drug if the amount is incapable of measure or as is the case here, the amount is invisible to the naked eye.[2]

While we hold the amount required to support a conviction need not be a usable amount, we also hold the evidence, whether direct or circumstantial, must show possession of some measurable amount in order for the drug to be capable of disposition or use. We further conclude, however, that illegal possession may be demonstrated if the facts and circumstances of the case can be seen to demonstrate that the quantity of drug actually seized was a remnant of a larger measurable amount the defendant possessed in the past. See *Partain v. State*, 139 Ga. App. 325, 228 S.E. (2d) 292 (1976) (concurring opinion of Judge Pannell).

Possession of a vial and pipe containing a residue of cocaine by a person unfamiliar with its uses may well be consistent with innocent possession. However, possession of the residue under the circumstances in this case does not logically lead to the conclusion of innocent possession. Here, in addition to the pipe and vial residues, Robinson, who was known to the police, was found standing next to an individual who had possession of both marijuana and cocaine. Robinson was in a bar known for its drug activity. Addition-

---

[2] This analysis is buttressed by the fact the indictment itself states that Robinson was found to possess a "quantity" of cocaine.

ally, Robinson attempted to alert the occupants of the bar to the presence of the police. We think these circumstances reasonably tend to prove Robinson at some time reasonably contemporaneous with his arrest possessed a measurable amount of cocaine. Accordingly, there was no error in the failure of the trial court to rule as a matter of law that the quantity of cocaine found in Robinson's possession was insufficient to convict him of possession.

Because of our interpretation of decisions of our Supreme Court as mandating adoption of a view that appears to be inconsistent with the majority view on the issue in this country, that court may want to grant certiorari to address the issue.

Affirmed.

SHAW, J., and LITTLEJOHN, Acting Judge, concur.