23760

The STATE, Respondent v. Roland Rod ROBINSON, Petitioner.

(426 S.E. (2d) 317)

Supreme Court

*Asst. Appellate Defender Tara Dawn Shurling* of *S.C. Office of Appellate Defense,* Columbia, *for petitioner.*

*Atty. Gen. T. Travis Medlock, Asst. Attys. Gen. Harold M. Coombs, Jr.* and *William Edgar Salter, III,* Columbia, and *Sol. Ralph J. Wilson,* Conway, *for respondent.*

Heard Nov. 4, 1992.

Decided Dec. 14, 1992.

HARWELL, Chief Justice:

We granted petitioner Roland Rod Robinson's (Robinson) application for writ of certiorari to review the Court of Appeal's decision in *State v. Robinson,* — S.C. — , 411 S.E. (2d) 678 (Ct. App. 1991). Robinson contends that the Court of Ap-

peals erred in holding that he was not entitled to a directed verdict of acquittal at the close of the State's case. We affirm as modified.

## I. FACTS

Robinson was arrested after a narcotics officer saw him toss a makeshift crack pipe into a trash can shortly after police began a sweep through a bar known for drug use. The officer recovered the pipe and a plastic vial from the otherwise empty trash can and preserved them as evidence. The pipe and vial were later tested by a chemist at the State Law Enforcement Division (SLED).

At Robinson's trial *in absentia*, the SLED chemist testified that she found trace amounts of cocaine in the vial and pipe, but not enough to weigh. Defense counsel moved for a directed verdict of acquittal, alleging that the evidence could not support a finding that Robinson possessed cocaine beyond a reasonable doubt. The motion was denied and a jury found Robinson guilty of possessing cocaine. Robinson appealed.

The Court of Appeals held that a person must possess a measurable amount of a controlled substance to be convicted for its possession, and that the "circumstances [in this case] reasonably tend to prove Robinson at some time reasonably contemporaneous with his arrest possessed a measurable amount of cocaine." Robinson petitioned this Court for a writ of certiorari.

## II. DISCUSSION

### A. *Amount Required for Conviction*

The question of whether a minimum amount of a controlled substance is necessary to support a conviction for simple possession has never been presented to this Court. Robinson urges that the "measurable amount" standard adopted by the Court of Appeals is correct, but that it was misapplied in affirming his conviction because the testimony at trial established that he did not possess a measurable amount of cocaine. We do not agree that a "measurable amount" of a controlled substance is required to sustain a conviction for possession of a controlled substance.

S.C. Code Ann. § 44-53-370(C) (1985) provides:

It shall be unlawful for any person knowingly or inten-

tionally to possess a controlled substance unless the substance was obtained directly from, or pursuant to a valid prescription or order of, a practitioner while acting in the course of his professional practice, or except as otherwise authorized by this article.

When interpreting a statute, this Court's primary ■ function is to ascertain the intention of the legislature. The words used in the statute must be given their plain and ordinary meaning without resorting to subtle or forced construction to limit or expand the statute's operation. *Gilstrap v. S.C. Budget and Control Board,* — S.C. —, 423 S.E. (2d) 101 (1992).

In our view, the plain and ordinary language of section 44-53-370(c) indicates that the legislature intended to prohibit the possession of *any* controlled substance. The statute does not specify a minimum amount required for conviction. Therefore, we hold that "any amount" of a controlled substance is sufficient to sustain a conviction for possession of that substance. *See State v. Goldsmith,* 301 S.C. 463, 392 S.E. (2d) 787 (1990) (any amount of a controlled substance when coupled with sufficient indicia of intent to distribute will support conviction for possession with intent to distribute); *State v. Fontenot,* 578 So. (2d) 1032, *writ denied,* 582 So. (2d) 1305 (La. 1991) (invisible and unweighable residue in pipe).

### B. *Directed Verdict*

Having established that "any amount" of a controlled substance will sustain a conviction, we turn to whether the Court of Appeals was correct in finding that the trial judge did not err by refusing to grant Robinson a directed verdict. Robinson contends that because there was too little of the substance to see with the naked eye, it is impossible for the State to show that he knowingly possessed it. We disagree.

In considering a motion for a directed verdict, the ■ judge is concerned with the existence or nonexistence of evidence, not with its weight. The case should be submitted to the jury if there is any substantial evidence which reasonably tends to prove the guilt of the accused, or from which his guilt may be fairly or logically deduced. *State v. Edwards,* 298 S.C. 272, 379 S.E. (2d) 888, *cert. denied,* 493 U.S. 895, 110, S.Ct. 246, 107 L.Ed. (2d) 196 (1989).

In a prosecution for knowing or intentional possession of a controlled substance, knowledge must be established by the State. Knowledge may be proved circumstantially, and can be provided by evidence of an act, declaration or *conduct* of the accused from which an inference may be drawn that the accused knew of the existence of the prohibited substances. Once physical possession is shown, knowledge becomes a question for the jury. *State v. Attardo*, 263 S.C. 546, 211 S.E. (2d) 868 (1975).

The record evidence in this case establishes that Robinson possessed a crack pipe that contained cocaine residue when police entered a bar known for drug activity. The record further shows that Robinson furtively attempted to conceal the pipe from police by discarding it into a nearby trash can. We find that this evidence, when viewed in the light most favorable to the State, reasonably tends to prove Robinson's guilt. Stated differently, we find that any rational trier of fact could have found all the elements of the crime beyond a reasonable doubt. *See Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed. (2d) 560, *reh'g denied*, 444 U.S. 890, 100 S.Ct. 195, 62 L.Ed. (2d) 126 (1979). Accordingly, it was not error for the trial judge to refuse Robinson's motion for a directed verdict. The decision of the Court of Appeals is

Affirmed as modified.

CHANDLER, FINNEY, TOAL and MOORE, JJ., concur.