THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 The State, Respondent,
 v.
 Brian Brewster, Appellant.
 
 
 

Appeal From Horry County
 Edward B. Cottingham, Circuit Court Judge

Unpublished Opinion No. 2008-UP-709
 Heard November 19, 2008  Filed December
16, 2008    

AFFIRMED

 
 
 
 Appellate
 Defender Kathrine H. Hudgins, of Columbia, for Appellant.
 Attorney General Henry Dargan McMaster, Chief Deputy Attorney
 General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott,
 Senior Assistant Attorney General Harold M. Coombs, Jr., all of Columbia; and
 Solicitor J. Gregory Hembree, of Conway, for Respondent.
 
 
 

PER CURIAM: Brian Brewster was tried for and convicted of
 possession of marijuana with the intent to distribute (PWID).  He was sentenced
 to twelve years imprisonment and fined ten thousand dollars.  Brewster appeals
 his conviction and sentence, arguing the circuit court erred in (1) refusing to
 suppress evidence of the marijuana he asserts was discovered as the result of
 an unconstitutional roadblock, and (2) refusing to charge the jury they could
 find Brewster guilty of possession of more than one ounce of marijuana.  We
 affirm pursuant to Rule 220(b), SCACR, and the following authorities.  
1. As
 to whether the circuit court erred in refusing to suppress evidence of the
 marijuana:  Rule 220(c), SCACR (stating the appellate court may affirm upon any
 ground appearing in the record); State v. Dupree, 319 S.C. 454, 457, 462
 S.E.2d 279, 281 (1995) (Abandoned property has no protection from either the
 search or seizure provisions of the Fourth Amendment.).[1]  
2. As
 to whether the circuit court erred in refusing to charge the jury on possession
 of more than one ounce of marijuana: Sheppard v. State, 357 S.C. 646,
 665, 594 S.E.2d 462, 472-73 (2004) (holding a trial judge is required to
 charge only the current and correct law of South Carolina and a jury charge is correct if it
 contains the correct definition of the law when read as a whole); State v.
 Elliott, 346 S.C. 603, 606, 552 S.E.2d 727, 728 (2001), overruled on
 other grounds by State v. Gentry, 363 S.C. 93, 610 S.E.2d 494 (2005)
 (The test for determining when an offense is a lesser included offense of
 another is whether the greater of the two offenses includes all the elements of
 the lesser offense.); Matthews v. State, 300 S.C. 238, 239, 387 S.E.2d
 258, 259 (1990) (Possession of any amount of marijuana, coupled with
 sufficient indicia of intent to distribute, will support a conviction for
 possession with intent to distribute.); State v. Adams, 291 S.C. 132,
 135, 352 S.E.2d 483, 485 (1987) (stating simple possession of marijuana is a
 lesser included offense of possession with intent to distribute marijuana); see
 also State v. Gooch, 297 S.E.2d 599, 602 (N.C. 1982) (finding
 possession of more than one ounce is not a lesser included offense of possession
with intent to distribute).
AFFIRMED.
SHORT, THOMAS,
and PIEPER, JJ., concur.

[1] Based on our finding of abandonment, we need
not address the constitutionality of the roadblock.