**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-4448**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

QUENTIN JEROME DAVIS,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Florence.  R. Bryan Harwell, District Judge. (4:09-cr-00344-RBH-1)

Submitted:  November 18, 2011        Decided:  December 30, 2011

Before TRAXLER, Chief Judge,  and MOTZ  and  KEENAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Darren Scott Haley, Greenville, South Carolina, for Appellant. William N. Nettles, United States Attorney, Columbia, South Carolina, Nathan S. Williams, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charleston, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Quentin Jerome Davis pled guilty pursuant to a plea agreement to one count of conspiracy to distribute cocaine and cocaine base from October 2005 to March 2009 in violation of 21 U.S.C. §§ 841(a) and 846. On appeal, Davis challenges the district court's application of the Sentencing Guidelines, arguing that the district court erred by assigning one criminal history point for a March 16, 2006, state conviction for Simple Possession of Marijuana rather than treating the prior offense as relevant conduct for sentencing purposes. We affirm.

At sentencing, the district court held Davis accountable for 441 grams of crack cocaine and 3.157 kilograms of cocaine, yielding a base offense level of 32. The court awarded Davis a 2-level adjustment for acceptance of responsibility under the U.S. Sentencing Guidelines Manual ("U.S.S.G.") § 3E1.1(a) for a total offense level of 30. The sentencing court assigned Davis a criminal history category of II, based on two prior state court convictions, including a March 16, 2006, South Carolina conviction for simple possession of marijuana and driving under suspension for which Davis received a fine in magistrate court. The resulting advisory sentencing range was 108 to 135 months; however, because 21 U.S.C. § 841(b)(1)(A) prescribes a statutory minimum of 10 years, the effective sentencing range was 120 to

2

135 months.  The district court imposed a sentence of 120 months.

Davis objected to the assignment of one criminal history point for the March 16, 2006, simple possession of marijuana/DUS conviction, arguing that because "the indictment involves a drug conspiracy from at least October of 2005 up until the date of the Indictment, which was on March 4th of 2009, . . . the Driving Under Suspension and Simple Possession of Marijuana [offense] . . . should also be considered conduct as to the underlying conspiracy."  J.A. 28-29.  The district court rejected this argument, concluding that the March 16, 2006, offense for simple possession of marijuana was not part and parcel of the distribution conspiracy charged in the indictment; the court stated, "[t]his conspiracy involved cocaine base and powder cocaine.  It did not involve marijuana" and also noted that "Simple Possession implies a user amount."  J.A. 31.

On appeal, Davis raises the same challenge to the assignment of a criminal history point to the prior conviction for simple possession of marijuana.  According to Davis, without the point for this conviction, he would have been placed in Criminal History Category I and would have been eligible for the "safety valve" reduction in U.S.S.G. § 5C1.2.

Prior sentences may be used to determine the defendant's criminal history category.  See U.S.S.G. § 4A1.1.  However, §

3

4A1.1 excludes convictions for conduct that qualifies as "relevant conduct" to the instant offense. See U.S.S.G. § 4A1.2 cmt. n.1. Relevant conduct is conduct that was part of the same course of conduct or a common scheme or plan as the offense of conviction, and it may be used to increase the defendant's base offense level. See U.S.S.G. § 1B1.3(a). In drug cases, relevant conduct "often includes a broader range of conduct than the conduct underlying the offense of conviction" since it consists of "'all acts and omissions . . . that were part of the same course of conduct or common scheme or plan as the offense of conviction.'" United States v. Young, 609 F.3d 348, 358 (4th Cir. 2010) (quoting U.S.S.G. § 1B1.3(a)(2)).

The district court's conclusion that the simple possession offense was not "part of the same course of conduct" as that charged in the underlying offense was a factual determination. The court reviews a district court's factual determinations concerning relevant conduct for clear error. See United States v. Hodge, 354 F.3d 305, 313 (4th Cir. 2004). If the district court's account is plausible in light of the entire record, we will not reverse the finding simply because we would have come to a different conclusion. See United States v. Stevenson, 396 F.3d 538, 542 (4th Cir. 2005).

The district court's conclusion that the prior offense was not part of the instant conspiracy does not amount to clear

4

error. Davis argues that the prior offense should be classified as relevant conduct because it occurred during the conspiracy period, involved suppliers who also participated in the conspiracy, and involved a common purpose, i.e., the resale of controlled substances for profit. The fact that another offense occurs during the conspiracy timeframe, however, does not convert it into relevant conduct automatically. See U.S.S.G. § 4A1.2 cmt. n.1 ("'Prior sentence' means a sentence imposed prior to sentencing on the instant offense, other than a sentence for conduct that is part of the instant offense. A sentence imposed after the defendant's commencement of the instant offense, but prior to sentencing on the instant offense, is a prior sentence if it was for conduct other than conduct that was part of the instant offense." (emphasis added) (internal citation omitted)). The underlying distribution conspiracy was a cocaine-only conspiracy; the prior conviction involved the possession of marijuana. Moreover, as the district court observed, the fact that the prior conviction was for "simple possession" suggested the Davis was holding a small amount for personal use. See State v. Adams, 352 S.E.2d 483, 485-86 (S.C. 1987) (explaining that "simple possession" involves an amount less than necessary to trigger the presumption of an intent to distribute). Because these conclusions were reasonable and plausible in light of the record, we will not

5

disturb the district court's determination that the prior simple possession offense did not constitute relevant conduct.[*]

Based on the foregoing, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid in the decisional process.

AFFIRMED

---

[*] In light of this conclusion, we need not address the question of whether the appeal waiver clause contained in the plea agreement is enforceable.