**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

―――――――――

**No. 13-4617**

―――――――――

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

  v.

ERIC NIXON,

    Defendant - Appellant.

―――――――――

Appeal from the United States District Court for the District of South Carolina, at Columbia. Cameron McGowan Currie, Senior District Judge. (3:04-cr-00131-CMC-12)

―――――――――

Submitted: January 13, 2014   Decided: January 21, 2014

―――――――――

Before MOTZ, AGEE, and THACKER, Circuit Judges.

―――――――――

Affirmed by unpublished per curiam opinion.

―――――――――

Allen B. Burnside, Assistant Federal Public Defender, Columbia, South Carolina, for Appellant. William N. Nettles, United States Attorney, Robert F. Daley, Jr., Assistant United States Attorney, Columbia, South Carolina, for Appellee.

―――――――――

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Eric Nixon appeals the district court's judgment revoking his supervised release and imposing a twenty-four-month prison term. Nixon argues that the district court erred by failing to suppress marijuana seized from his person on December 14, 2012, allegedly in violation of the Fourth Amendment, and further erred in finding that he engaged in new criminal conduct, namely possession of marijuana with the intent to distribute it. We affirm.

We review a district court's decision to revoke supervised release for abuse of discretion. United States v. Pregent, 190 F.3d 279, 282 (4th Cir. 1999). A district court need only find a violation of a condition of supervised release by a preponderance of the evidence. 18 U.S.C. § 3583(e)(3) (2012); Johnson v. United States, 529 U.S. 694, 700 (2000). We review for clear error factual determinations underlying the conclusion that a violation occurred. United States v. Miller, 557 F.3d 910, 914 (8th Cir. 2009); United States v. Whalen, 82 F.3d 528, 532 (1st Cir. 1996).

After review of the record and the parties' briefs, we conclude that the district court did not abuse its discretion in revoking Nixon's supervised release. Nixon's claim that the marijuana seized during the December 14 stop should have been suppressed fails because the exclusionary rule does not apply in

federal supervised release revocation proceedings. United States v. Armstrong, 187 F.3d 392, 393-95 (4th Cir. 1999). Further, a preponderance of the evidence supports the court's finding that Nixon violated the terms of his supervised release by engaging in the criminal offense of possession with intent to distribute marijuana while on release. S.C. Code Ann. § 44-53-370(a)(1) (Supp. 2013); State v. Goldsmith, 392 S.E.2d 787, 788 (S.C. 1990); Matthews v. State, 387 S.E.2d 258, 259 (S.C. 1990).

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED