**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Mary Helen Roberts, Appellant.

Appellate Case No. 2017-000526

Appeal From York County
R. Lawton McIntosh, Circuit Court Judge

Unpublished Opinion No. 2018-UP-374
Submitted September 1, 2018 – Filed October 10, 2018

**AFFIRMED**

Appellate Defender Robert M. Pachak, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General Jennifer Ellis Roberts, both of Columbia; and Solicitor Kevin Scott Brackett, of York, for Respondent.

**PER CURIAM:** Affirmed pursuant to Rule 220(b), SCACR, and the following authorities: *State v. Weston*, 367 S.C. 279, 292, 625 S.E.2d 641, 648 (2006)

("When ruling on a motion for a directed verdict, the trial court is concerned with the existence or nonexistence of evidence, not its weight."); *id.* ("When reviewing a denial of a directed verdict, this [c]ourt views the evidence and all reasonable inferences in the light most favorable to the [S]tate."); S.C. Code Ann. § 16-13-110(A)(1) (2015) ("A person is guilty of shoplifting if [s]he: (1) *takes possession of*, carries away, transfers from one person to another or from one area of a store or other retail mercantile establishment to another area, or causes to be carried away or transferred any merchandise displayed, held, stored, or offered for sale by any store or other retail mercantile establishment *with the intention of depriving the merchant of the possession, use, or benefit of the merchandise without paying the full retail value . . . .*" (emphases added)); *State v. Ramsey*, 409 S.C. 206, 209, 762 S.E.2d 15, 16-17 (2014) ("The cardinal rule of statutory construction is to ascertain and effectuate the intent of the legislature." (quoting *Charleston Cty. Sch. Dist. v. State Budget & Control Bd.*, 313 S.C. 1, 5, 437 S.E.2d 6, 8 (1993))); *State v. Robinson*, 310 S.C. 535, 538, 426 S.E.2d 317, 318 (1992) ("The words used in the statute must be given their plain and ordinary meaning without resorting to subtle or forced construction to limit or expand the statute's operation.").

**AFFIRMED.**[1]

**KONDUROS, MCDONALD, and HILL, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.