2519

The STATE, Respondent v. Angela TAYLOR, Appellant.

(473 S.E. (2d) 817)

Court of Appeals

---

*Charles W. Whiten, Jr.,* Anderson, *for appellant.*

*Attorney General Charles Molony Condon, Deputy Attorney General John W. McIntosh,* and *Assistant Deputy Attorney General Salley W. Elliot,* Columbia; and *Solicitor George M. Ducworth,* Anderson, *all for respondent.*

Heard Apr. 3, 1996.

Decided June 10, 1996; Reh. Den. Aug. 22, 1996.

CONNOR, Judge:

A jury convicted Angela Taylor of trafficking in methamphetamine ("crank"). The trial court sentenced her to nine years and a $40,500 fine. We reverse and remand.

## I. FACTS

On February 15, 1994, undercover SLED agent Ricky Pruitt, who was wired, went to Angela Taylor's residence to buy crank. Only Taylor and Beverly Chastain were present.

The state presented evidence that proved Taylor was involved in the sale. For example, Taylor told Pruitt to come

with her to the bathroom, where there was a small electronic scale with a plastic bag containing a tannish powdered substance on the sink. She pointed to the scale, which indicated the crank weighed 14 grams. Furthermore, she pressed the plastic bag and asked Pruitt to feel the rocks in it. When Pruitt attempted to hand Taylor the purchase money, she motioned for him to place the money in the sink. However, as Pruitt left the room, Taylor took the money.

Moreover when Pruitt complained to Chastain and Taylor about including the weight of the bag in the weight of the substance he had purchased, both told him they would make it up next time. Both Taylor and Chastain asked him to call them about future purchases.

On the other hand, Taylor took the position Chastain alone sold the drugs to Pruitt. According to Taylor, Pruitt has called her several times asking her to introduce him to someone who could get him drugs. She contacted Chastain to arrange a meeting with Pruitt, but told Chastain she "didn't want no involvement." Chastain brought the crank and scales to Taylor's house, set them up in the bathroom, and bagged and weighed the drugs. When Pruitt came to the house, she directed him to the bathroom, as Chastain had told her to do. Chastain got all of the money. Even though she had supplied Chastain with drugs a year and a half earlier, she denied she was still doing so. However, she admitted she did use methamphetamine around this time.

In reply, the state recalled Pruitt to testify Taylor had sold him seven grams of methamphetamine on February 10, 1994.

## II. ISSUES

### A. *"Criminally negligent" Charge*

Taylor first argues the trial judge erred in charging the jury they could find her guilty if the state proved beyond a reasonable doubt she was at least "criminally negligent." The state responds the charge, read as a whole, adequately defined the law. Alternatively, the state alleges any error in the charge was harmless.

The judge charged the trafficking statute, S.C. Code Ann. § 44-53-357 and defined methamphetamine pursuant to § 44-53-210. S.C. Code Ann. § 44-53-357(C) (Supp. 1995), provides:

> A person who *knowingly* sells, manufactures, delivers, purchases, or brings into this State, or who provides financial assistance or otherwise aids, abets, attempts, or conspires to sell, manufacture, deliver, purchase, or bring into this State, or who is *knowingly* in actual or constructive possession or who *knowingly* attempts to become in actual or constructive possession of ten grams or more of ice, crank, or crack cocaine . . . is guilty of a felony which is known as "trafficking in ice, crank, or crack cocaine". . . .

(Emphasis added.)

The judge then added:

> I instruct you under the law of South Carolina the State must prove beyond a reasonable doubt that the defendant was at least *criminally negligent;* by that I mean that she had knowledge and intent to possess or possess with intent to traffic a controlled substance, here the controlled substance being crank.

(Emphasis added.)

Taylor argues the jury could have found her guilty of trafficking in crank if they found her intent to be "negligent," a lower standard than the "knowing" intent required by the statute.

Our Supreme Court has held the state must show the defendant was at least criminally negligent if a statute is silent concerning mental state. *State v. Ferguson,* 302 S.C 269, 395 S.E. (2d) 182 (1990). However, the trafficking statute is not silent on this issue. The legislature enacted this statute, which specifically requires a person act "knowingly," after the *Ferguson* decision.

The South Carolina Supreme Court has specifically ruled negligence is a lower standard than knowledge:

> The required *mens rea* for a particular crime can be classified into a hierarchy of culpable states of mind in descending order of culpability, as purpose, knowledge, recklessness, and negligence.

*State v. Jefferies,* 316, S.C. 13, 18, 446 S.E. (2d) 427, 430 (1994), *cert. denied,* — U.S. —, 115 S.Ct. 911, 130 L.Ed. (2d) 793 (1995).

The *Jefferies* Court held knowledge means awareness that a certain result is practically certain to follow from conduct. *Id.* at 19, 446 S.E. (2d) at 430, n. 8. Although the Court did not define negligence, it recognized negligence as the lowest level of culpability in the hierarchy.

The Model Penal Code distinguishes negligence from purpose, knowledge, and recklessness by pointing out negligence does not involve a state of awareness. Model Penal Code § 2.02 cmt. 4 (1985). The Code further reasons a person acts negligently when she "inadvertently creates a substantial and unjustifiable risk of which [she] ought to be aware."

In *Jefferies* the state had charged Jefferies with stealing a car in which there was an infant strapped in a carseat. Jefferies claimed his kidnapping conviction should be reversed because he was unaware of the child when he stole the car. Therefore, he argued, he had no intent to kidnap.

The Judge charged the jury that kidnapping required a "positive act," but refused to define that term. Even though the Court agreed the charge was inadequate, it held the error was harmless. Jefferies admitted he knew the baby was in the car within the first six-tenths of a mile, yet continued to drive more than twenty miles before placing the infant beside a garbage dumpster in a rural area of the county. Under these facts, Justice Toal, speaking for the court, determined the inadequate jury charge did not contribute to the verdict of guilty because Jefferies committed kidnapping, by continuing to drive after he knew the child was in the car.[1]

However, Taylor's circumstances are distinguishable from Jefferies's. First, the judge gave an erroneous charge, rather than an incomplete one. Furthermore, the main issue before the jury concerned whether Taylor was merely present and not participating in the drug transaction, or whether she was an active participant. Therefore the erroneous charge here concerned the central issue before the jury. It is therefore impossible to hold beyond a reasonable doubt the erroneous charge did not contribute to the verdict under these facts. *See People v. Hess*, 214 Mich. App. 33, 543 N.W. (2d) 332 (1995) (where both correct and incorrect charge are

---

[1] The Court specifically noted the kidnapping statute was silent on the intent required for that crime. *Jefferies*, 316 S.C. at 23, 446 S.E. (2d) at 433.

given, appellate court must assume jury followed incorrect charge), *appeal denied,* 546 N.W. (2d) 251 (Dec. 27, 1995). We reverse the trial judge on this issue and remand for a new trial.

## B. *Refusal to Charge Requested Charge*

Taylor's attorney requested the court to charge the jury they could not find Taylor guilty of trafficking in crank unless she knew there were ten grams or more. The court declined to charge this language.

Taylor argues the refusal to charge the language she requested amounts to strict liability for anyone who sells or has actual or constructive possession of ten grams of crank, even if they have no knowledge of the amount.

The Supreme Court has held "[i]t is the amount of cocaine, rather then the criminal act, which triggers the trafficking statute, and distinguishes trafficking from distribution and simple possession. If the amount of cocaine, or any mixture containing cocaine, is ten grams or more the trafficking statute is applied." *State v. Raffaldt,* — S.C. —, —, 456 S.E. (2d) 390, 394 (1995); *see also State v. Grandy,* 306 S.C. 224, 411 S.E. (2d) 207 (1991) (where the undisputed evidence is that the amount involved exceeds the minimum trafficking amount, then only the trafficking charge should be submitted to the jury); *cf. Matthews v. State,* 300 S.C. 238, 387 S.E. (2d) 258 (1990) (trafficking in marijuana, based solely on possession, is committed when a person knowingly possesses ten pounds or more of marijuana).

It is undisputed Pruitt purchased 13.78 grams of methamphetamine, an amount clearly exceeding the threshold statutory amount for a charge of trafficking.[2] Therefore the trial judge correctly charged only the trafficking statute.

For the reasons stated, the decision is

Reversed and remanded.

HOWELL, C.J., and HEARN, J., concur.

---

[2] Taylor did not even request the lesser included charge of possession with intent to distribute.