McMILLIN, C.J.,
for the Court:
¶ 1. Penelope Grant was convicted of possession of more than one ounce but less than one kilogram of marijuana with the intent to distribute after police officers discovered a quantity of the drug in the trunk of her car. She has appealed her conviction claiming that the evidence was insufficient as a matter of law to establish her guilt of the crime. She bases her argument principally on evidence that her *817 traveling companion claimed responsibility for the presence of the contraband. Grant also complains of the trial court’s decision to require her appointed counsel to continue his representation after he had sought to withdraw from the case. Grant further alleges that the trial court erred in denying one of her requested instructions that effectively prevented her from presenting her theory of the case to the jury. Lastly, Grant suggests error in the court’s decision to exclude from evidence a written statement given by her traveling companion shortly after his arrest. We find no error and affirm Grant’s conviction.
I.
Facts
¶ 2. Grant and Charlie Lee Taylor were driving in Grant’s vehicle through Oktib-beha County on their way from Florida to visit Taylor’s mother in Mound Bayou. Taylor was driving when the vehicle was stopped by law enforcement officers on suspicion of driving under the influence. Taylor was unable to produce a valid driver’s license and was arrested on that ground. Though not arrested, Grant voluntarily followed in her vehicle to the jail in hopes of being able to arrange bond for Taylor. A National Crime Information Center (NCIC) computer check on Taylor revealed that he had a lengthy criminal record consisting primarily of drug-related offenses. At that point, the officers requested authority to search Grant’s vehicle, and Grant consented to a voluntary search in writing. The search revealed a quantity of marijuana bound up in four separate containers held in a black travel bag in the trunk of the vehicle.
¶ 3. Grant waived her Miranda rights and gave a statement in which she indicated that Taylor had informed her that he was bringing a supply of marijuana with him for the purpose of selling it to defray the expenses associated with the trip.
¶ 4. On these facts, Grant was indicted and convicted of possession of marijuana with intent to distribute.
II.
Issue One: The Sufficiency of the Evidence
¶ 5. Grant alleges that the trial court erred in denying her motion for a JNOV after the jury convicted her. Her argument takes two separate tacks. First, she urges that the State failed to prove her to be in either actual or constructive possession of the drugs. She contends that all of the evidence showed that the drugs were solely in the possession of Taylor since they were discovered in a black satchel bag in the trunk that belonged to him. Secondly, she argues that, even if her knowledge of the presence of some quantity of drugs in her vehicle is enough to make a case for constructive possession against her, the State was unable to present any proof indicating that she was aware of the quantity of drug involved. Thus, according to her argument, it was equally as likely that the quantity of drug brought on the trip by Taylor was something less than an ounce. This, she contends, has the effect of negating the necessary intent or mens rea on her part to possess more than an ounce of marijuana.
¶ 6. We will deal first with her initial argument. There was evidence, principally derived from Grant’s own post-arrest statement, tending to establish that Grant was aware that her traveling companion was transporting marijuana and that his stated intention was to sell the drug and use the proceeds for the mutual advantage of the parties, i.e., to defray the costs of their journey. Grant knowingly participated in this enterprise. One who is *818 present and aids and encourages another in the commission of a crime may be found guilty as a principal. Hooker v. State, 716 So.2d 1104 (¶ 19) (Miss.1998) (citing Swinford v. State, 653 So.2d 912, 915 (Miss.1995)). The evidence in this case, viewed in the light most favorable to sustaining the verdict, was sufficient to establish Grant’s guilt on the theory that she aided and abetted Taylor in his criminal endeavors.
¶ 7. Grant’s second argument begins with the proposition that proof of intent to possess an illicit drug, standing alone, in instances where there are increasingly harsh penalties as the quantity of drug increases, is insufficient to convict on anything other than the minimum amount. She claims that the State must separately establish beyond a reasonable doubt her specific intent to possess, not just marijuana, but more than an ounce of the drug. She correctly argues that the State was unable to present any evidence to show that Grant had any notion of the quantity of drug being transported in her vehicle. The State counters that argument by pointing out that Grant understood that Taylor intended to finance the trip with the sale of the marijuana. From that knowledge, the State contends, Grant reasonably should have understood that Taylor had substantially more than an ounce of marijuana in his possession since it would take that much to meet the expenses of their journey. We find Grant’s argument unpersuasive. However, that does not decide the issue.
¶ 8. We find no precedent directly on point as to this issue in Mississippi. This Court concludes that, though proof of the quantity of drug is an element of the offense, it is not necessary to demonstrate that the defendant had actual knowledge that the amount of drugs possessed met or exceeded any statutorily-designated quantity. To hold otherwise would require the State to go to ridiculous extremes to prove a defendant’s knowledge and skill in the science of weights and measures. Other jurisdictions considering the question have arrived at the same conclusion. Commonwealth v. Rodriguez, 415 Mass. 447, 614 N.E.2d 649, 653 (1993); People v. Mass, 238 Mich.App. 333, 605 N.W.2d 322, 324-25 (1999); State v. Taylor, 323 S.C. 162, 473 S.E.2d 817, 819 (1996). So long as the State satisfactorily proves that the defendant had actual knowledge that the substance in question constituted an illegal drug, the necessary criminal intent has been established. Proof of the quantity beyond a reasonable doubt is, of course, also an element of the crime but it is not necessary to prove that the defendant had a conscious appreciation of the quantity in order to impose a particular degree of punishment that is dependent on quantity.
III.
Issue Two: Withdrawal of Counsel
¶ 9. The trial court permitted two prior attorneys appointed to represent Grant to withdraw from the case after Grant filed complaints against them with the Mississippi Bar. After she filed a complaint against her third counsel, he, too, sought leave to withdraw as Grant’s counsel of record. The trial court, concluding that Grant was using this as a tactic to delay her trial, refused to permit the withdrawal. Rather, the court appointed yet another attorney to assist in the conduct of Grant’s defense.
¶ 10. Grant argues that the trial court committed reversible error when it forced her third attorney to continue his representation since he would unquestionably be biased against her based on the ethics complaint she had filed against him. Grant’s argument appears to be founded *819 on the notion that she received ineffective assistance of counsel because of the ill will that her appointed counsel would doubtlessly feel for her. However, she points to no particular failings in her counsel’s conduct of the defense other than to fault him for belatedly obtaining discovery of a copy of Taylor’s written post-arrest statement. It is undisputed, however, that Grant was aware of the statement well in advance of the trial and the fact that Taylor had made pre-trial statements tending to exonerate Grant was fully developed during the course of the trial. Thus, Grant’s dissatisfaction with her appointed counsel based on the fear that he may have harbored ill will towards her does not make a case of ineffective assistance of counsel because of her failure to demonstrate any prejudice to her defense arising out of counsel’s performance — whether that representation was undertaken willingly or begrudgingly. House v. State, 754 So.2d 1147 (¶ 31) (Miss.1999). Aside from that, Grant entirely ignores the fact that she had the services of another counsel who fully participated in the defense. She points to nothing to suggest that his efforts on her behalf were anything other than professionally competent.
¶ 11. There is no reversible error in the trial court’s decision to require Grant’s appointed counsel to continue his representation after he sought to withdraw.
IV.
Issue Three: Defense Instruction
¶ 12. Grant asked for Instruction D2, which purported to instruct the jury on what was necessary to convict on the theory of aiding and abetting another in the commission of a crime. The trial court refused the instruction, agreeing with the State’s objection that the discussion of whether the defendant’s participation in the crime was “insignificant” or “major” was not an accurate statement of the law and had the potential to confuse and mislead the jury. We set out the form of this requested instruction in full:
Penelope Grant has been charged with the offense of possession of marijuana with the intent to distribute as being an accessory before the fact.
The court instructs the jury that each person present at the time of, or consenting and encouraging, aiding or assisting in any material manner in the commission of a crime, or knowingly and willfully doing any act which is an ingredient in the crime, is a principal. However, this does not mean that the mere knowledge or unknowing assistance is sufficient to find Penelope Grant guilty. The phrase “knowingly and willfully” as used in these instructions contemplates that Penelope Grant acted with knowledge and deliberation, and that her assistance in the commission of the crime was major. Assistance cannot be insignificant; it must be major.
And, unless you find the State of Mississippi has proven this to your satisfaction beyond a reasonable doubt, you must find Penelope Grant Not Guilty.
¶ 13. When reviewing claims of error in the manner in which the jury was instructed, an appellate court does not review single instructions in isolation. Chatman v. State, 761 So.2d 851 (¶ 16) (Miss.2000). Rather, our duty is to review the instructions in their totality to determine if the jury was properly instructed on the law pertaining to the case. Id. A part of that review requires us to ensure that the jury has been properly instructed as to the defendant’s theory of her defense so long as there is some reasonably credible evidence in the record to support it. Gibson v. State, 731 So.2d 1087 (¶ 17) (Miss.1998).
*820 ¶ 14. Having reviewed the entire record in this case, it is clear that Grant’s sole theory of defense was that she was totally unaware that Taylor had any illegal drugs secreted in his bag in the trunk of her car. She introduced evidence to support that defense in the form of her own and Taylor’s testimony. The State countered that evidence with the incriminating contents of Grant’s own pre-trial statement. It was on that critical conflict in the evidence that the issue of Grant’s guilt was joined and submitted to the jury for resolution. There was no legitimate issue regarding whether Grant, with knowledge of Taylor’s activities, rendered him some small measure of assistance that was so insignificant as to permit her to avoid criminal culpability. Assuming for sake of argument only that the law does permit some de minimis assistance to a criminal enterprise without incurring criminal liability, the facts of this case do not bring that concept into play. The evidence, rather, presented the jury with the stark contrast of either (a) believing Grant’s evidence that she was unaware of the presence of the drugs, or (b) accepting the State’s evidence, including Grant’s pre-trial statement, indicating that she knew of the drugs, knew of Taylor’s intentions regarding those drugs, was prepared to share in the benefits of the sale of the drugs, and assisted Taylor in his efforts by providing the necessary transportation.
¶ 15. The trial court, in recognition of Grant’s only theory of defense, instructed the jury that, in order to convict, it must find that Grant “did ... assist Charlie Taylor ... by allowing him to transport the drug in her vehicle.... ” The court also instructed that “mere presence at the time of a crime or at the scene of a crime is insufficient” to convict. Finally, in a direct reference to Grant’s defense, the court instructed the jury that if they found “that the defendant was merely present when a crime was being committed, and was not aware of the presence of the Marijuana in her vehicle, then you shall find the defendant not guilty.”
¶ 16. We conclude that the jury was adequately instructed on the applicable law as to those issues suggested by the proof and by Grant’s theory of her defense. She has shown no prejudice to her defense by virtue of the trial court’s refusal to delve into possible distinctions between minimal versus significant assistance to the principal perpetrator, and we decline to find reversible error on that basis.
V.
Taylor’s Written Statement
¶ 17. Charlie Taylor, soon after he was arrested, wrote out a longhand statement in which he attempted to exonerate Grant from any involvement in the marijuana possession. The statement was not requested by any investigating officer and was not a part of the official investigation file. Taylor furnished a copy of the statement to Grant, and she attempted to introduce the statement into evidence through Taylor while he was on the witness stand testifying for the defense. The trial court refused its admission based on a hearsay objection. Despite the fact of the written statement’s exclusion from evidence, defense counsel was permitted, without objection, to elicit from Taylor that he had repeatedly made statements to various individuals taking sole responsibility for the drugs, which was consistent with his trial testimony.
¶ 18. On cross-examination by the State, the prosecuting attorney questioned Taylor regarding his original statement to the police made shortly after his arrest. That statement made no reference either way as to Grant’s knowledge of the presence of drugs in her vehicle. The State’s *821 attorney insistently tried, through his examination, to put forward the notion that Taylor’s failure to exonerate Grant in his first statement tended to show that his subsequent statements were merely calculated attempts to manufacture a defense for Grant. It appears that the State was advancing the proposition that Taylor’s first statement was, by virtue of its failure to affirmatively exonerate Grant, a prior inconsistent statement admissible to impeach Taylor. There is authority for the notion that a declarant’s silence as to a matter as to which it would seem reasonable that the declarant would speak may be seen as inconsistent with a subsequent statement that includes the previously-missing information. McCormick on Evidence § 34 (John W. Strong ed., 5th ed.1999). While it seems at least questionable that Taylor’s failure to affirmatively exonerate Grant when giving a statement is the kind of omission intended to be covered by this rule of evidence, we note that there was no objection from the defense. We will, therefore, treat the evidence in that light.
¶ 19. After Taylor had been cross-examined by the State, Grant’s counsel once again sought to introduce the statement. The grounds for introduction of the statement at that time was that it was a prior consistent statement being offered to refute a charge that Taylor’s trial testimony was a recent fabrication, inconsistent with his original statement to police, and thus admissible under Mississippi Rule of Evidence 801(d)(1)(B). The trial court permitted defense counsel to question Taylor in some depth regarding the contents and the timing of this earlier written statement but refused to permit the introduction of the written statement itself, finding that it failed the filter test of Rule 408.
¶ 20. We do not find this to be reversible error. This Court concludes that the trial court was, if anything, extremely lenient in permitting Taylor to continuously bolster his own testimony by making self-serving assertions that he had repeatedly told the same version of events outside the courtroom. The trial court, under Rule 403, has substantial discretion in excluding evidence if its prejudicial value is outweighed by “the danger of unfair prejudice.” M.R.E. 403; Bishop v. State, 771 So.2d 397 (¶ IS) (Miss.Ct.App.2000) (citing Smith v. State, 733 So.2d 793 (¶ 38) (Miss.1999)). A review of the statement itself demonstrates that it contains no helpful information other than that developed in great detail in Taylor’s testimony from the stand. To permit the jury to see the written statement itself could easily suggest that it was entitled to greater weight by virtue of the simple fact that it was reduced to writing. The trial court, in considering the statement’s admissibility, concluded that to permit its introduction would unfairly bolster this aspect of Taylor’s testimony. We find that ruling to be within the discretion afforded the trial court in controlling the flow of evidence to be received at trial.
¶ 21. THE JUDGMENT OF THE CIRCUIT COURT OF OKTIBBEHA COUNTY OF CONVICTION OF POSSESSION OF MARIJUANA MORE THAN ONE OUNCE BUT LESS THAN ONE KILOGRAM WITH INTENT TO DISTRIBUTE AND SENTENCE OF TEN YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, WITH FIVE YEARS SUSPENDED AND FIVE YEARS TO SERVE, AND TO PAY A FINE OF TWO THOUSAND FIVE HUNDRED DOLLARS IS AFFIRMED. COSTS OF THE APPEAL ARE ASSESSED TO OKTIBBEHA COUNTY.
KING AND SOUTHWICK, P. JJ„ PAYNE, BRIDGES, THOMAS, LEE, *822 MYERS AND CHANDLER, JJ., CONCUR. IRVING, J., CONCURS IN RESULT ONLY.