562 S.E.2d 311

**O'Bryant HARRIS, Petitioner,**

**v.**

**STATE of South Carolina, Respondent.**

**No. 25437.**

Supreme Court of South Carolina.

Submitted Dec. 13, 2001.

Decided April 8, 2002.

Assistant Appellate Defender Robert M. Pachak, of S.C. Office of Appellate Defense, of Columbia, for petitioner.

Attorney General Charles M. Condon, Chief Deputy Attorney General John W. McIntosh, and Assistant Deputy Attorney General Allen Bullard, all of Columbia, for respondent.

Justice MOORE.

We granted a writ of certiorari in this post-conviction relief (PCR) case to consider petitioner's request for reclassification to non-violent offender status. We now dismiss the writ as improvidently granted.

## FACTS

Petitioner was indicted by the State Grand Jury for conspiracy to traffic 400 grams or more of cocaine under S.C.Code Ann. § 44–53–370(e)(2)(e) (Supp.2000). He admitted he participated in a Miami-based drug trafficking ring and was involved in transporting many kilos of cocaine between 1990 and 1996. In exchange for his cooperation with law enforcement, he was offered a plea agreement which he accepted. Under the agreement, petitioner pled guilty to conspiracy to traffic ten to twenty-eight grams of cocaine, first offense, in violation of § 44–53–370(e)(2)(a). He was sentenced to ten years and classified as a violent offender. In his PCR action, petitioner contested his classification as a violent offender. The application for relief was dismissed.

## ISSUE

Is a conviction for conspiracy to traffic under § 44–53–370(e) properly classified as a violent offense?

## DISCUSSION

Under S.C.Code Ann. § 16–1–60 (Supp.2000), certain offenses are defined as "violent crimes."[1] This section specifically includes "drug trafficking as defined in § 44–53–370(e)" as a violent crime.

Section 44–53–370(e)(2), under which petitioner pled guilty, provides:

> (e) Any person who knowingly sells, manufactures, cultivates, delivers, purchases, or brings into this State, or who provides financial assistance or otherwise aids, abets, attempts, *or conspires* to sell, manufacture, cultivate, deliver, purchase, or bring into this State, or who is knowingly in actual or constructive possession or who knowingly attempts to become in actual or constructive possession of. . . .

> (2) ten grams or more of cocaine or any mixtures containing cocaine, as provided in Section 44–53–210(b)(4), *is guilty of a felony which is known as "trafficking in cocaine"* and, upon conviction, must be punished as follows if the quantity involved is [specifying certain amounts relevant to sentencing].

(Emphasis added). As defined in this section, there is no distinction between conspiracy to traffic and the substantive offense of trafficking. Further, § 44–53–370(e) provides that a person convicted of conspiracy under this section must be sentenced with a full sentence and not one-half of the sentence as otherwise provided in S.C.Code Ann. § 44–53–420 (Supp. 2000) for conspiracy drug charges.[2] The legislature clearly intended that conspiracy to traffic be treated as trafficking under § 44–53–370(e).

---

1. This classification affects a defendant's parole status. *See, e.g.,* S.C.Code Ann. §§ 24–21–610 (Supp.2000) (must serve at least one-third of sentence for violent crime) *and* 645 (parole review every two years). Petitioner makes no claim counsel misadvised him about his parole status. *See Knox v. State,* 340 S.C. 81, 530 S.E.2d 887 (2000) (unless counsel gives erroneous parole advice, parole information is not a ground for collateral attack of a guilty plea).

2. "Notwithstanding Section 44–53–420, a person convicted of conspiracy pursuant to this subsection must be sentenced as provided in this section with a full sentence or punishment and not one-half of the sentence or punishment prescribed for the offense."

In conclusion, a conviction under § 44–53–370(e), whether for trafficking or conspiracy to traffic, is properly classified as a violent crime under § 16–1–60. Accordingly, petitioner is not entitled to reclassification.

**DISMISSED.**

TOAL, C.J., WALLER, BURNETT, JJ., concur.
PLEICONES, J., concurring in result only.