602 S.E.2d 48

**Benjamin HARDEN, Petitioner,**

**v.**

**STATE of South Carolina, Respondent.**

**No. 25858.**

Supreme Court of South Carolina.

Submitted Jan. 22, 2004.

Decided Aug. 16, 2004.

406

Tara Shurling, of Columbia, for Petitioner.

Attorney General Henry D. McMaster, Chief Deputy Attorney General John W. McIntosh, Donald J. Zelenka, Chief, Capital and Collateral Litigation, Assistant Deputy Attorney General B. Allen Bullard, and Assistant Attorney General David Spencer, all of Columbia, for Respondent.

Justice BURNETT:

We granted certiorari to review the denial of Benjamin Harden's (Petitioner's) second application for post-conviction relief (PCR). We granted Petitioner's first application for PCR, which was denied after a hearing, and dismissed his petition for failure of counsel to perfect the appeal. Petitioner's motion to reinstate the appeal was denied.

Petitioner's second PCR application seeks review, pursuant to *Austin v. State*, 305 S.C. 453, 409 S.E.2d 395 (1991), of the denial of his PCR application. The PCR judge found Petitioner was entitled to belated review of the denial of his first PCR application. Given the unique circumstances presented, we granted certiorari and directed Petitioner to address the question on which this Court originally granted certiorari.

## FACTUAL BACKGROUND

Petitioner was indicted for one count of trafficking crack cocaine by conspiracy between April 1, 1997, and September 23, 1997, in violation of S.C.Code Ann. § 44–53–375(C)(3) (2002) and four counts of distribution of crack cocaine, in violation of S.C.Code Ann. § 44–53–375(B)(1) (2002). Each count of distribution occurred between April 1, 1997, and September 23, 1997. On each occasion Petitioner sold crack cocaine to undercover agents or witnesses. On January 5, 1998, Petitioner pled guilty to trafficking and to four counts of

distribution. The trial judge sentenced Petitioner to twenty years for trafficking and concurrent fifteen-year sentences for each count of distribution.

## ISSUE

Was plea counsel ineffective for failing to object to and advise Petitioner his convictions for both trafficking crack cocaine based on conspiracy and the four distribution charges would violate double jeopardy?

## ANALYSIS

Petitioner argues his convictions violate double jeopardy principles because all of the distribution counts occurred during the period encompassed by the trafficking indictment. He argues PCR counsel was ineffective in failing to raise the issue. We disagree.

A defendant who pleads guilty on the advice of counsel may only attack the voluntary and intelligent character of the plea by showing (1) counsel's representation fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for, counsel's errors, the defendant would not have pled guilty, but would have gone to trial. *Hill v. Lockhart*, 474 U.S. 52, 56–57, 106 S.Ct. 366, 369, 88 L.Ed.2d 203, 208 (1985); *McCray v. State*, 317 S.C. 557, 455 S.E.2d 686 (1995). Petitioner bears the burden of proving both attorney error and prejudice. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

There is no statutory law or judicial precedent in this State which holds a conviction for both conspiracy and the substantive offense relating to the conspiracy, in violation of the trafficking statute, constitutes double jeopardy. An attorney is not required to anticipate potential changes in the law which are not in existence at the time of the conviction. *Gilmore v. State*, 314 S.C. 453, 457, 445 S.E.2d 454, 456 (1994) *overruled on other grounds by Brightman v. State*, 336 S.C. 348, 520 S.E.2d 614 (1999). Therefore, Petitioner's counsel was not deficient in failing to advise Petitioner or object to Petitioner's sentencing on the double jeopardy issue.

■ Petitioner relies on *Matthews v. State*, 300 S.C. 238, 387 S.E.2d 258 (1990). In *Matthews*, we concluded possession with intent to distribute marijuana is a lesser included offense of trafficking in marijuana when the trafficking charge is based on possession. Therefore, we held a defendant may not be convicted of both possession with intent to distribute and trafficking based on possession. Where possession of an identical amount of marijuana would sustain convictions for both possession with intent to distribute and trafficking based upon possession, the General Assembly did not intend to permit punishment under both statutory provisions.[1]

The present case is distinguishable. In *Matthews*, the convictions at issue were based on a single act of possession. A review of the record shows that in this case the trafficking conviction was based on a broader conspiracy than the individual transactions which supported the distribution charges.

■ When examining issues related to a guilty plea, it is appropriate to consider the entire record, including the transcript of the guilty plea, and the evidence presented at the PCR hearing. *Anderson v. State*, 342 S.C. 54, 535 S.E.2d 649 (2000). The solicitor's comments at the plea hearing demonstrate the factual circumstances of this case are unlike those in *Matthews*. At the plea hearing, the solicitor stated the distribution indictments were all based on audio-taped drug transactions. Regarding the trafficking indictment, however, the solicitor stated:

> [T]his is a hardened drug family or drug network run by [Petitioner].... [F]or at least the last six or seven years [Petitioner] and his family have been probably the most dangerous and biggest nuisance that Richland County has had. [Petitioner] had no less than eight to ten people that worked directly with him ... He had a number of trailers where he would sell crack cocaine out of. They set up a videotape on [March 10, 1997] and it worked for 29 days ... during the daylight hours ... and over 424 visits were made

---

1. The Court did not apply the test set forth in *Blockburger v. United States*, 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306, 309 (1932). The *Blockburger* rule is not controlling when legislative intent is clear from the face of the statute or legislative history. *Garrett v. United States*, 471 U.S. 773, 105 S.Ct. 2407, 85 L.Ed.2d 764 (1985).

to that one trailer alone that were drug related ... We have audiotape of [Petitioner] talking about buying a kilo [and] how he was going to make it and turn it into crack ... [On May 18, 1997], one of our state's witnesses ... saw [Petitioner] with approximately a kilogram of cocaine. There are also audiotapes of [Petitioner's] sisters; again a family business, where they talk about how to make good crack cocaine.

The solicitor's statements demonstrate the trafficking by conspiracy charge was not based solely on the four instances of distribution for which Petitioner was indicted. Instead, the trafficking charge was based on a pattern of unlawful drug activity over the course of a six-month period.

In sum, neither *Matthews, supra,* nor any other case, holds Petitioner's conviction for conspiracy to traffic cocaine and the four counts of distributing cocaine violate double jeopardy. Therefore, counsel was not deficient in failing to advise his client on the issue or object to the sentence imposed.

 Although, unnecessary for resolution of this case, in the interest of judicial economy, we address the underlying double jeopardy issue. The double jeopardy clauses of the United States and South Carolina Constitutions protect against multiple punishments for the same offense. *State v. Nelson,* 336 S.C. 186, 519 S.E.2d 786 (1999). A threshold inquiry in this case is whether the same act is involved in different charges. *Blockburger v. United States,* 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932). Trafficking may be accomplished by several means, including conspiracy.[2] Conspiracy is a separate offense from the substantive offense, which is the object of the conspiracy. A defendant may be separately indicted and convicted of both the conspiracy, and the substan-

---

2. S.C.Code Ann. § 44–53–375(C) states,

A person who knowingly sells, manufactures, delivers, purchases, or brings into this State, or who provides financial assistance or otherwise aids, abets, attempts, or conspires to sell, manufacture, deliver, purchase, or bring into this State, or who is knowingly in actual or constructive possession or who knowingly attempts to become in actual or constructive possession of ten grams or more of ice, crank, or crack cocaine ... is guilty of a felony which is known as "trafficking in ice, crank, or crack cocaine"....

tive offenses committed in the course of the conspiracy. *State v. Gordon*, 356 S.C. 143, 149, 588 S.E.2d 105, 108 (2003).[3]

## CONCLUSION

For the foregoing reasons, we hold (1) counsel was not ineffective in failing to advise his client or in failing to object to the double jeopardy issue and (2) there is no underlying double jeopardy violation supporting Petitioner's claim.

**AFFIRMED.**

TOAL, C.J., MOORE, WALLER and PLEICONES, JJ., concur.

---

**3.** Petitioner's reliance on our holding in *Harris v. State*, 349 S.C. 46, 562 S.E.2d 311 (2002) is misplaced. The issue in *Harris* was whether conspiracy to traffic was properly classified as a violent offense. South Carolina law provides drug trafficking is a violent offense. We concluded because conspiracy to traffic is one way to traffic drugs under the relevant statutes, conspiracy to traffic cocaine was a violent crime. Since the facts in Petitioner's case do not implicate *Harris*, it has no bearing on Petitioner's double jeopardy issue.