673 S.E.2d 833

**The STATE, Respondent,**

v.

**Jack Edward Earl PARKER, Appellant.**

**No. 4492.**

Court of Appeals of South Carolina.

Heard Nov. 6, 2008.

Decided Jan. 28, 2009.

Rehearing Denied March 24, 2009.

Chief Appellate Defender Joseph L. Savitz, III, of Columbia, for Appellant.

Attorney General Henry Dargan McMaster, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Donald J. Zelenka, and Assistant Attorney Gen-

eral S. Creighton Waters, all of Columbia; and Solicitor Robert Mills Ariail, of Greenville, for Respondent.

SHORT, J.:

In October of 2003, Parker stood trial for murder before Judge Hayes. The jury twice reported to Judge Hayes its inability to reach a unanimous verdict. Judge Hayes granted Parker's motion for a mistrial. When Parker was tried again in 2005 before Judge Few, he moved to dismiss based on double jeopardy. Judge Few denied the motion and the jury convicted Parker of murder. Parker appeals his murder conviction arguing Judge Few erred in denying his motion to dismiss based on double jeopardy. We affirm.

## FACTS

Parker shot and killed Robert Lee Stewart. Stewart had an extensive violent criminal background and a history of abusive behavior toward Parker's sister, Angela. The police and emergency medical technicians responded to a call to Angela's mother's house after Angela was beaten by Stewart. The following day, Stewart and four or five others arrived at Angela's mother's house. Parker lived next door to Angela's mother. Parker shot Stewart multiple times in the driveway. At trial, Parker claimed self-defense, testifying he feared for his life as Stewart was pulling something from his back pocket and from the back of the truck. Police officer Wayne Campbell testified an open knife was found in the victim's back pocket at the scene.

During the first trial, there was a significant amount of animosity between the solicitor and defense counsel, appearing in the record as early as pre-trial motions and continuing throughout the proceedings. Prior to questioning the first police witness, the solicitor explained to the court that there was a videotape made of the crime scene that included graphic footage of the victim's body. The solicitor redacted that footage and presented defense counsel with the redacted copy on the day of trial. The original videotape, however, was shown to the jury. The solicitor claimed it was unintentional. Defense counsel moved for a mistrial and dismissal with prejudice based on prosecutorial misconduct. He argued the solicitor's case was not going well and the State was now privy to his defense tactics. The solicitor argued she did not know

how the tapes were switched and there was no intention on her part to force a mistrial. The court admonished the solicitor, but denied the motion for a mistrial.

At the end of the State's case, Parker moved for a directed verdict. The court denied the motion finding that although the State's case had many lapses in evidence, there was sufficient evidence to present the case to the jury. Parker testified he acted in self-defense. The trial court denied Parker's renewed motions for directed verdict and mistrial. The court also prohibited the State from sending the videotape and a diagram of the body depicting the victim's wounds to the jury room.

After the solicitor's closing argument, Parker again moved for a mistrial. The court charged the jury and then heard arguments on the motion. Parker's counsel argued that many times during the trial, the solicitor accused him of unethical conduct, badgered witnesses to concede they were merely testifying as directed to by Parker's counsel, and stated several times in closing arguments that Parker's counsel had coached the defense witnesses. He further argued the solicitor improperly relied on numerous facts that were not in the record and implied to the jury it was their community duty to convict Parker of murder. He finally argued the cumulative effect of the prosecutorial misconduct warranted a mistrial.

Prior to a ruling on the motion, the jury reported to the judge it was deadlocked. The judge gave an *Allen* charge. After further deliberation, the jury again reported it was deadlocked. The judge considered the motion for a mistrial. The judge stated he had reviewed the motion for a mistrial, the solicitor's closing argument, and his notes from the testimony. The judge found the solicitor's comments during closing argument were improper, constituted prosecutorial misconduct, and were alone sufficient to warrant a mistrial. The judge also found the attacks on Parker's counsel, the imposition of the burden on the jury to convict in order to protect the community, and the videotape warranted a mistrial. The court stated: "In my readings of those opinions it's almost as if ... this court can infer that the defendant was almost goaded into the position of asking for the mistrial. So based on the totality of the circumstances that [have] occurred in this trial ... I will declare a mistrial."

The court ultimately based the mistrial on the cumulative effects of the misconduct. The State moved for a clarification of Judge Hayes' order, requesting a finding as to whether the mistrial was granted based on prosecutorial misconduct that was intended to: "(a) subvert the protections afforded by the Double Jeopardy Clause, (b) goad or provoke the defense into moving for a mistrial or (c) terminate the trial." By letter, Judge Hayes responded he had reviewed the transcript and his notes and concluded: "Nowhere do I find that this Court was .ever asked to rule on the granting of a new trial nor asked about the issue of jeopardy." The State appealed and this court dismissed it as not immediately appealable.

The State tried Parker again. Parker moved to dismiss based on double jeopardy arguing the solicitor at the first trial intentionally goaded him into moving for a mistrial. Judge Few denied the motion to dismiss stating: "[R]egardless of my analysis of what happened in the first trial, this motion to dismiss is denied because it was the jury's being deadlocked that [led] to the manifest necessity that [led] to the mistrial." Judge Few then stated he had analyzed the case and reviewed the transcript. Judge Few concluded the solicitor had not intentionally goaded the defense into moving for a mistrial. The second trial proceeded and the jury convicted Parker of murder. This appeal followed.

## LAW/ANALYSIS

Parker argues the trial court in the second trial erred in denying his motion to dismiss based on double jeopardy. Parker argues the solicitor's conduct, including showing the jury the videotape of the victim's body and implying the defense counsel coached the witnesses during her closing arguments, was intended to goad him into moving for a mistrial. We find no reversible error.

The Double Jeopardy Clauses of the United States and South Carolina Constitutions protect citizens from being twice placed in jeopardy of life or liberty. *See* U.S. Const. amend. V ("No person shall be ... subject for the same offen[s]e to be twice put in jeopardy of life or limb...."); S.C. Const. art. I, § 12 ("No person shall be subject for the same offense to be twice put in jeopardy of life or liberty...."). "Under the law

of double jeopardy, a defendant may not be prosecuted for the same offense after an acquittal, a conviction, or an improvidently granted mistrial." *State v. Coleman*, 365 S.C. 258, 262–63, 616 S.E.2d 444, 446–47 (Ct.App.2005).

A defendant who has moved for and been granted a mistrial based on prosecutorial misconduct may successfully invoke the Double Jeopardy Clause to prevent a second prosecution when the prosecutor's conduct giving rise to the mistrial was intended to "goad" or provoke the defendant into moving for the mistrial. *Oregon v. Kennedy*, 456 U.S. 667, 676, 102 S.Ct. 2083, 72 L.Ed.2d 416 (1982); *State v. Mathis*, 359 S.C. 450, 460, 597 S.E.2d 872, 877 (Ct.App.2004) (applying same standard in South Carolina).

Thus, the determination of whether double jeopardy attaches depends upon whether the prosecutorial misconduct was undertaken with the intent to subvert the rights protected by the Double Jeopardy Clause. *Coleman*, 365 S.C. at 263, 616 S.E.2d at 447. "The trial court's finding concerning the prosecutor's intent is a factual one and will not be disturbed on appeal unless clearly erroneous." *Id.; see also Mathis*, 359 S.C. at 460–61, 597 S.E.2d at 877–78 (stating deference should be given to the trial court's determination of the existence of the prosecutor's intent).

We first must pay deference to Judge Hayes' letter indicating he did not rule on the jeopardy issue in granting the motion for a mistrial at the end of the first trial. At the second trial, Judge Few first denied the motion to dismiss based on the jury deadlock. We need not address this issue as we are restricted in our review of his further factual finding that the solicitor had not intentionally goaded the defense into moving for a mistrial. We find support in the record to affirm the finding that the solicitor did not intentionally goad Parker into moving for a mistrial. Accordingly, the trial court did not err in denying the motion to dismiss based on double jeopardy.

## CONCLUSION

For the foregoing reasons, the conviction is
**AFFIRMED.**

HEARN, C.J., and KONDUROS, J., concur.