707 S.E.2d 799

**The STATE, Respondent,**

v.

**Jack Edward Earl PARKER, Petitioner.**

No. 26940.

Supreme Court of South Carolina.

Heard Jan. 5, 2011.

Decided March 14, 2011.

Rehearing Denied April 7, 2011.

608

Chief Appellate Defender Robert M. Dudek, of South Carolina Commission on Indigent Defense, of Columbia, for Petitioner.

Attorney General Alan Wilson, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Donald J. Zelenka, Assistant Attorney General S. Creighton Waters, all of Columbia; Solicitor Robert Mills Ariail, of Greenville, for Respondent.

Chief Justice TOAL. .

In this case, the Court granted Jack Edward Earl Parker's (Petitioner) request for a writ of certiorari to review the court of appeals' decision in *State v. Parker*, 381 S.C. 539, 673 S.E.2d 833 (Ct.App.2009) affirming the trial court's decision to deny a motion to dismiss based on double jeopardy.

## FACTS/PROCEDURAL HISTORY

It is undisputed that Petitioner shot and killed his sister's boyfriend, Robert Lee Stewart (Victim). In October 2003, Petitioner stood trial for murder. At trial, Petitioner claimed self-defense. The first trial ended when the judge granted Petitioner's motion for a mistrial. When Petitioner was tried again in 2005, he moved to dismiss based on double jeopardy. The circuit court judge at the second trial denied the motion and the jury convicted Petitioner of murder.

During the first trial, there was a great deal of animosity between the solicitor and defense counsel. Prior to questioning the first police witness, the solicitor explained that there was a videotape made of the crime scene that included graphic images of Victim's body. The solicitor redacted the original videotape to erase the graphic images and presented defense counsel a redacted copy on the day of trial. However, the original videotape, including the graphic images of Victim's body, was shown to the jury. Petitioner's counsel moved for a mistrial. and dismissal with prejudice based on prosecutorial misconduct. Counsel for defense argued the solicitor's case was not going well and the State was now privy to his defense tactics. The solicitor claimed the tapes were switched unintentionally and inadvertently. The court found the explanation offered by the State "shocking" as to why "such a huge, substantial, material piece of evidence would be handled in such carefree fashion. . . ." The circuit court judge admonished the solicitor, but denied the motion for a mistrial issuing a curative instruction that the jury was to disregard the fact that they viewed the body of Victim.

During the solicitor's closing argument, she accused defense counsel of unethical conduct in coaching witnesses and implied to the jury that it was their community duty to convict Petitioner of murder. After the solicitor concluded her closing

argument, defense counsel again made a motion for a mistrial. Defense counsel contended a mistrial should be granted based on prosecutorial misconduct in closing argument in that the prosecution accused defense counsel of coaching witnesses, and argued facts not in evidence. Defense counsel ultimately argued that the cumulative effect of the prosecutorial misconduct warranted a mistrial. The circuit court judge charged the jury and then heard arguments on the mistrial motion. The solicitor contended her closing argument was justified by the evidence and was responsive to the defense's closing argument, thus, the mistrial motion should be denied. The jury then sent a note to the judge that it was deadlocked. The judge gave an *Allen* charge and the jury resumed deliberating. After further deliberation, the jury again reported that it was deadlocked. The judge received the note that the jury remained deadlocked as he was about to rule on the mistrial motion.

The circuit court judge noted he had reviewed the motion for a mistrial, the solicitor's closing argument, and his notes from the testimony. The judge found the statements made about Petitioner's counsel, the exhortation to the jury to convict in order to protect the community, and the introduction of the original videotape warranted a mistrial.

The circuit court judge stated, "In my readings of those opinions it's almost as if ... this court can infer that the defendant was almost goaded into the position of asking for a mistrial. So based on the totality of the circumstances that [have] occurred in this trial ... I will declare a mistrial...." The solicitor asked if the mistrial was based specifically on prosecutorial misconduct or the comments in her closing argument. The judge responded, "The comments made in closing arguments, I would consider to be prosecutorial misconduct as well as ... the video tape.... It's the cumulative nature of everything." The State appealed the grant of a mistrial and the court of appeals dismissed the case as not immediately appealable.

Almost two years later, the State retried Petitioner. Petitioner moved to dismiss based on double jeopardy arguing the solicitor at the first trial intentionally goaded him into moving for a mistrial. The circuit court judge at the second trial

denied the motion to dismiss. In denying the motion to dismiss that judge made two seemingly inconsistent findings. That judge stated:

I am resolving this motion completely independent of whether or not the prosecutor intentionally goated [sic] the defense into making a motion for a mistrial. . . .

. . . . Even if there had been prosecutorial misconduct, it was the fact that the jury was deadlocked that caused the mistrial.

. . . . So regardless of my analysis of what happened in the first trial, this motion to dismiss is denied because it was the jury's being deadlocked that lead to the manifest necessity that lead [sic] to the mistrial.

Shortly after making the above finding, the circuit court judge also found the following:

I do not find that the prosecutor specifically committed misconduct that was designed to elicit a motion for mistrial from Defendant so that the prosecutor would have another bite at the apple, another time to try the Defendant. I believe that the prosecutor was vigorously trying to win the case and not trying to throw the case in the way of a mistrial. So I am for those reasons, denying the motions [sic] to dismiss based on double jeopardy.

The second trial proceeded and the jury convicted Petitioner of murder. Petitioner appealed to the court of appeals. The court of appeals affirmed the denial of Petitioner's motion to dismiss based on double jeopardy.

## ISSUE

Did the court of appeals err in affirming the circuit court judge's denial of defense counsel's motion to dismiss pursuant to the Double Jeopardy Clauses?

## STANDARD OF REVIEW

In criminal cases, an appellate court sits to review errors of law only and is bound by the trial court's factual findings unless they are clearly erroneous. *State v. Wilson,* 345 S.C. 1, 5–6, 545 S.E.2d 827, 829 (2001) (citations omitted). "This Court does not re-evaluate the facts based on its own

view of the preponderance of the evidence but simply determines whether the trial judge's ruling is supported by any evidence." *Id.* at 6, 545 S.E.2d at 829.

## LAW/ANALYSIS

■ Petitioner argues the solicitor who initially prosecuted Petitioner intentionally provoked defense counsel into moving for a mistrial. We agree.

■ The Double Jeopardy Clauses of the United States and South Carolina Constitutions protect citizens from being twice placed in jeopardy of life or liberty. *See* U.S. Const. amend. V; S.C. Const. art. I, § 12; *Harden v. State,* 360 S.C. 405, 410, 602 S.E.2d 48, 50 (2004) (citation omitted). "Under the law of double jeopardy, a defendant may not be prosecuted for the same offense after an acquittal, a conviction, or an improvidently granted mistrial." *State v. Coleman,* 365 S.C. 258, 263, 616 S.E.2d 444, 446 (Ct.App.2005) (citation omitted).

■ "Prosecutorial conduct that might be viewed as harassment or overreaching, even if sufficient to justify a mistrial on defendant's motion . . . does not bar retrial absent intent on the part of the prosecutor to subvert the protections afforded by the Double Jeopardy Clause." *Oregon v. Kennedy,* 456 U.S. 667, 675–76, 102 S.Ct. 2083, 2089, 72 L.Ed.2d 416 (1982).[1] Hence, a properly granted mistrial poses no double jeopardy bar to a subsequent prosecution. "Only where the governmental conduct in question is intended to 'goad' the defendant into moving for a mistrial may a defendant raise the bar of double jeopardy to a second trial after having succeeded in aborting the first on his own motion." *Id.* at 676, 102 S.Ct. at 2089; *see also State v. Mathis,* 359 S.C. 450, 460, 597 S.E.2d 872, 877 (Ct.App.2004) (noting that a defendant who has moved for and been granted a mistrial may invoke the Double Jeopardy Clause to prevent a second prosecution when the prosecutor's conduct giving rise to the mistrial was intended to provoke him into moving for the mistrial). Hence, the deter-

---

1. "A defendant's motion for a mistrial constitutes 'a deliberate election on his part to forgo his valued right to have his guilt or innocence determined before the first trier of fact.'" *Kennedy,* 456 U.S. at 676, 102 S.Ct. at 2089 (*quoting United States v. Scott,* 437 U.S. 82, 93, 98 S.Ct. 2187, 2195, 57 L.Ed.2d 65 (1978)).

mination of whether double jeopardy attaches depends upon whether the prosecutorial conduct was undertaken with the intent to subvert the Double Jeopardy Clause. *State v. Coleman*, 365 S.C. 258, 263, 616 S.E.2d 444, 447 (Ct.App.2005) (citation omitted). "The trial court's finding concerning the prosecutor's intent is a factual one and will not be disturbed on appeal unless clearly erroneous." *Id.* (citation omitted).

The court of appeals held:

At the second trial, Judge Few first denied the motion to dismiss based on the jury deadlock. We need not address this issue as we are restricted in our review of his further factual finding that the solicitor had not intentionally goaded the defense into moving for a mistrial. We find support in the record to affirm the finding that the solicitor did not intentionally goad Parker into moving for a mistrial. Accordingly, the trial court did not err in denying the motion to dismiss based on double jeopardy.

*Parker*, 381 S.C. at 544, 673 S.E.2d at 836. This holding is erroneous because it relies upon a letter not in the record and upon the second judge's incorrect conclusions.

"Case law ... has consistently emphasized that application of the double jeopardy bar is dependent on a showing of the prosecutor's subjective intent to cause a mistrial in order to retry the case." *U.S. v. Williams*, 472 F.3d 81, 85–86 (3rd Cir.2007). The intent necessary is not that "a person intends the natural and probable consequences of his or her acts if those acts are knowingly done." *Id.* at 88. If a court focuses on the natural and probable consequences of prosecutorial conduct, rather than the intent underlying that conduct, then any prosecutorial misconduct could bar retrial. *Id.* Hence, courts have to determine whether the subjective intent of the solicitor was to cause a mistrial. This is not an easy task to undertake, because it is almost unimaginable that a solicitor would admit that he or she took certain actions in an effort to cause the defendant to move for a mistrial. In our opinion, it will be rare that the solicitor actually intends to cause the defendant to move for a mistrial. However, in this case, if we do not hold the solicitor intentionally caused the defense to move for a mistrial, then it would seem the only possible way to find that a solicitor intentionally goaded the defense would

be for a solicitor to admit he or she took certain actions in an effort to goad the defense.

The judge in the first trial found, "[I]t's almost as if . . . this court can infer that the defendant was almost goaded into the position of asking for a mistrial." We construe this as a holding by the first trial judge that the solicitor intentionally goaded defense counsel into moving for a mistrial. Regarding double jeopardy, the judge at the second trial held, "So I do not find that the prosecutor specifically committed misconduct that was designed to elicit a motion for mistrial from Defendant so that the prosecutor would have another bite at the apple. . . ." It was clearly erroneous for the second judge to find that the solicitor's conduct was not designed to elicit a motion for a mistrial in light of the first judge's finding that Petitioner was goaded into asking for a mistrial.[2] In cases of this type, the second trial judge makes a double jeopardy determination based on what the previous court actually held. The second trial judge should have determined what the first trial judge held and then determined whether that finding was supported by the facts. Thus, it was error for the second trial judge to find that the solicitor did not intentionally goad defense counsel.

 The court of appeals merely mentions that it finds support in the record to affirm the second judge's finding regarding intentionally goading defense counsel, without listing any such evidence. We hold there is no evidence in the record to support the second judge's finding that the solicitor did not intend to elicit a motion for a mistrial. However, there is evidence in the record to support the first trial judge's finding that Petitioner was goaded into seeking a mistrial. The solicitor's statements about Petitioner's counsel,[3] encour-

---

2. We realize the finding by the first trial judge involved actions taken by an attorney, not witnesses. *Cf. Hill v. State*, 377 S.C. 462, 468, 661 S.E.2d 92, 95 (2008) ("[T]he circuit court judge, who saw and heard the witnesses, is in a better position to evaluate their credibility and assign comparative weight to their testimony."). We cite to this proposition because the judge at the first trial was not limited by a record and was in a superior position to observe and evaluate the solicitor's intent.

3. " 'It is generally improper for the prosecutor to accuse defense counsel of fabricating a defense' or to otherwise denigrate defense counsel." *People v. Woods*, 146 Cal.App.4th 106, 53 Cal.Rptr.3d 7, 14

aging the jury to convict in order to protect the community, and the introduction of the original videotape show that it was the solicitor's intent to cause a mistrial. Standing alone, any one of these actions might not show subjective intent on the part of the solicitor to goad the defense into seeking a mistrial. Rather, similar to what the first trial judge held, the totality of what occurred in the first trial leads to the conclusion that it was the intent of the solicitor to goad defense counsel to move for a mistrial.

The court of appeals relied in part on a letter from Judge Hayes, the judge in the first trial, to Solicitor Robert Ariail. The court of appeals noted, "We first must pay deference to Judge Hayes' [sic] letter indicating he did not rule on the jeopardy issue in granting the motion for a mistrial at the end of the first trial." *Parker*, 381 S.C. at 544, 673 S.E.2d at 836. "Except as provided by Rule 212 and Rule 208(b)(1)(C) and (2), the appellate court will not consider any fact which does not appear in the Record on Appeal." Rule 210(h), SCACR. The letter from Judge Hayes to Solicitor Ariail is not in the Record. Hence, it was error for the court of appeals to rely on that letter in their opinion.

Additionally, the second trial judge made the legal finding that it was the jury deadlock that caused the mistrial. The first judge, however, never made a ruling that jury deadlock caused the mistrial. Rather, the first judge specifically granted a mistrial based on prosecutorial misconduct. Because the first judge granted a mistrial based on prosecutorial misconduct, the second judge's finding that "it was the fact that the jury was deadlocked that caused the mistrial" was a legal error. We hold the finding that the solicitor did not intentionally goad the defense into moving for a mistrial was clearly erroneous.

## CONCLUSION

Because the solicitor intended to goad the defendant into moving for a mistrial, the court of appeals opinion is reversed and further prosecution barred under the Double Jeopardy Clauses.

(2006) (*quoting People v. Bemore*, 22 Cal.4th 809, 94 Cal.Rptr.2d 840, 996 P.2d 1152, 1175 (2000)).

BEATTY, KITTREDGE, JJ., and Acting Justice JOHN H. WALLER, JR., concur.

PLEICONES, J., concurring in result only.