**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

The State, Respondent,

v.

William Sosebee, Appellant.

Appellate Case No. 2011-205447

Appeal From York County
John C. Hayes, III, Circuit Court Judge

Unpublished Opinion No. 2013-UP-267
Heard June 4, 2013 – Filed June 19, 2013

**AFFIRMED**

Stephen D. Schusterman, of Schusterman Law Firm, of Rock Hill, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General Julie Kate Keeney, both of Columbia, for Respondent.

**PER CURIAM:** William Sosebee appeals his convictions for attempted armed robbery and kidnapping, arguing the trial court erred in denying his motions for: (1) directed verdict or judgment notwithstanding the verdict (JNOV) on the charge

of kidnapping; (2) directed verdict and/or JNOV on the charge of attempted armed robbery; and (3) dismissal of all charges based on double jeopardy.  We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1.	As to this court's standard of review:  *State v. Brandt*, 393 S.C. 526, 542, 713 S.E.2d 591, 599 (2011) (holding this court must find the case was properly submitted to the jury if there is any direct or substantial circumstantial evidence that reasonably tends to prove the guilt of the accused); *id.* ("When reviewing a denial of a directed verdict, an appellate court views the evidence and all reasonable inferences in the light most favorable to the State."); *State v. Cherry*, 361 S.C. 588, 594, 606 S.E.2d 475, 478 (2004) ("[A] trial judge is not required to find that the evidence infers guilt to the exclusion of any other reasonable hypothesis."); *State v. Kelsey*, 331 S.C. 50, 62, 502 S.E.2d 63, 69 (1998) (stating the trial court is concerned with the existence of evidence rather than its weight when ruling on a motion for a directed verdict).

2.	As to kidnapping:  S.C. Code Ann. § 16-3-910 (2003) ("Whoever shall unlawfully seize, confine, inveigle, decoy, kidnap, abduct or carry away any other person by any means whatsoever without authority of law . . . ."); *State v. Hall*, 280 S.C. 74, 77-78, 310 S.E.2d 429, 431-32 (1983) (holding the act of confinement can constitute the separate offense of kidnapping when it is incidental to the commission of another crime); *State v. Porter*, 389 S.C. 27, 39, 698 S.E.2d 237, 243 (Ct. App. 2010) ("Kidnapping is a continuous offense that commences when one is wrongfully deprived of freedom and continues until freedom is restored."); *State v. Follin*, 352 S.C. 235, 258, 573 S.E.2d 812, 824 (Ct. App. 2002) ("A motion for JNOV is a civil trial motion, and thus it is improper for a party to move for JNOV in a criminal trial.").

3.	As to attempted armed robbery:  S.C. Code Ann. § 16-11-330 (A) (2003) ("A person who commits attempted robbery while armed with a pistol, dirk, slingshot, metal knuckles, razor, or other deadly weapon, or while alleging, either by action or words, he was armed while using a representation of a deadly weapon or any object which a person present[s] during the commission of the robbery reasonably believed to be a deadly weapon, is guilty of a felony . . . ."); *State v. Bland*, 318 S.C. 315, 317, 457 S.E.2d 611, 612 (1995) ("Robbery is defined as the felonious or unlawful taking of money, goods or other personal property of any value from the person of another or in his presence by violence or by putting such person in fear."); *State v. Thompson*, 374 S.C. 257, 262, 647 S.E.2d 702, 705 (Ct. App. 2007) ("The crime is 'armed robbery' when a person commits a robbery while

armed with a deadly weapon."); *id.* ("A person is guilty of attempted armed robbery if the person has a specific intent to commit armed robbery."); *Follin*, 352 S.C. at 258, 573 S.E.2d at 824 ("A motion for JNOV is a civil trial motion, and thus it is improper for a party to move for JNOV in a criminal trial.").

4.      As to double jeopardy: *State v. Parker*, 391 S.C. 606, 612-13, 707 S.E.2d 799, 802 (2011) ("[T]he determination of whether double jeopardy attaches depends upon whether the prosecutorial conduct was undertaken with the intent to subvert the Double Jeopardy Clause."); *id.* at 612, 707 S.E.2d 799, 802 ("Prosecutorial conduct that might be viewed as harassment or overreaching, even if sufficient to justify a mistrial on defendant's motion . . . does not bar retrial absent intent on the part of the prosecutor to subvert the protections afforded by the Double Jeopardy Clause." (quoting *Oregon v. Kennedy*, 456 U.S. 667, 675-76 (1982))); *id.* ("Hence, a properly granted mistrial poses no double jeopardy bar to a subsequent prosecution."); *State v. Kirby*, 269 S.C. 25, 29, 236 S.E.2d 33, 34 (1977) (holding the constitutional prohibition against double jeopardy permits a retrial following a mistrial if there was "manifest necessity" for the mistrial); *State v. Coleman*, 365 S.C. 258, 263, 616 S.E.2d 444, 447 (Ct. App. 2005) ("The trial court's finding concerning the prosecutor's intent is a factual one and will not be disturbed on appeal unless clearly erroneous."); *State v. Mathis*, 359 S.C. 450, 460, 597 S.E.2d 872, 877 (Ct. App. 2004) (noting a defendant who moves for and is granted a mistrial can invoke the Double Jeopardy Clause to prevent a second prosecution if the prosecutor's conduct giving rise to the mistrial was intended to "goad" or provoke him into moving for the mistrial).

**AFFIRMED.**

**SHORT, THOMAS, and PIEPER, JJ., concur.**