**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Supreme Court**

The State, Respondent,

v.

Gary Eugene Lott, Petitioner.

Appellate Case No. 2015-001981

---

**ON WRIT OF CERTIORARI TO THE COURT OF APPEALS**

---

Appeal from Greenwood County
Eugene C. Griffith Jr., Circuit Court Judge

---

Memorandum Opinion No. 2019-MO-033
Heard February 14, 2018 – Filed August 7, 2019

---

**REVERSED AND REMANDED**

---

Appellate Defender Kathrine Haggard Hudgins, of Columbia, for Petitioner.

Attorney General Alan McCrory Wilson, Senior Assistant Attorney General David A. Spencer, and Assistant Attorney General Mark Reynolds Farthing, all of

Columbia; and Solicitor David Matthew Stumbo, of Greenwood, all for Respondent.

---

**JUSTICE JAMES:** Gary Eugene Lott was indicted for first-degree criminal sexual conduct (CSC) with a minor and committing a lewd act on a minor. The young girl (Victim) was eleven years old at the time of the incident. Victim alleged Lott—a friend of her mother and step-father—had spent the night at their home and had touched her inappropriately while she was asleep on the couch in the living room. Lott denied touching Victim at any point throughout the night and denied ever touching Victim inappropriately.

Lott's first-degree CSC with a minor charge was premised on (1) the sexual battery alleged by Victim and (2) Lott's 1996 conviction for committing a lewd act on a minor, in which he was required to register as a sex offender. *See* S.C. Code Ann. § 16-3-655(A)(2) (2015) (providing a person is guilty of first-degree CSC with a minor if "the actor engages in sexual battery with a victim who is less than sixteen years of age and the actor has previously been convicted of, pled guilty or nolo contendere to, or adjudicated delinquent for an offense listed in Section 23-3-430(C)[1] or has been ordered to be included in the sex offender registry pursuant to Section 23-3-430(D)").

Prior to trial, Lott moved for the trial court to limit the introduction of evidence concerning his 1996 lewd act conviction. He argued the State sought to introduce this evidence "for the obvious purpose" of revealing to the jury his propensity to commit sexual offenses against children. Lott contended such introduction would constitute a violation of Rule 403 of the South Carolina Rules of

---

[1] Although committing a lewd act on a minor is not currently on the list of qualifying offenses in section 23-3-430(C) of the South Carolina Code (Supp. 2018), it was listed as a qualifying offense when Lott was indicted in 2011. *See* S.C. Code Ann. § 23-3-430(C)(11) (Supp. 2010). The lewd act statute was repealed in 2012, but "[t]he crime that was lewd act is now classified as [CSC] with a minor in the third degree." *State v. McGaha*, 404 S.C. 289, 293 n.3, 744 S.E.2d 602, 604 n.3 (Ct. App. 2013). Third-degree CSC with a minor has since replaced the offense of committing a lewd act on a minor on the list of qualifying offenses. *See* S.C. Code Ann. § 23-3-430(C)(6) (Supp. 2018).

Evidence.[2]  The State argued evidence of the prior lewd act conviction was extremely probative because it was an element of the first-degree CSC with a minor charge that it was required to prove.

To lessen the prejudicial effect of the evidence, Lott offered to stipulate that he had previously been convicted of a crime listed in section 23-3-430(C) and that he was required to register as a sex offender pursuant to his conviction. Alternatively, Lott proposed to bifurcate the proceedings to permit the State to prove the prior conviction element *after* the jury determined whether he was guilty of the underlying sexual element of the offense.

The trial court denied Lott's requests, and the State introduced evidence of his 1996 conviction for lewd act and evidence of his sex offender registration.  The jury acquitted Lott of the first-degree CSC with a minor charge but convicted him of committing a lewd act on a minor.  The trial court imposed a fifteen-year prison sentence.  The court of appeals affirmed.  *State v. Lott*, Op. No. 2015-UP-266 (S.C. Ct. App. filed May 27, 2015).  We granted Lott's petition for a writ of certiorari.

Pursuant to our recent decision in *State v. Cross*, Op. No. 27903 (S.C. Sup. Ct. filed July 24, 2019) (Shearouse Adv. Sh. No. 30 at 33), we hold the trial court erred in refusing Lott's request to bifurcate the trial.  A bifurcated proceeding would allow the State to present evidence of all elements of the crime charged and would remove any unfair prejudice that would arise during a unitary trial.  Therefore, we reverse Lott's conviction and remand for a new trial on the committing a lewd act on a minor charge.  Because Lott was previously acquitted of the first-degree CSC with a minor charge, he cannot be retried for this same offense.  *See State v. Parker*, 391 S.C. 606, 612, 707 S.E.2d 799, 801 (2011) (providing that pursuant to the law of double jeopardy, a defendant may not be prosecuted for the same offense after an acquittal).

**REVERSED AND REMANDED.**

**BEATTY, C.J., KITTREDGE and HEARN, JJ., and Acting Justice Daniel Hall, concur.**

---

[2] *See* Rule 403, SCRE ("Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice . . . .").