**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Brittany C. Foster, Petitioner,

v.

State of South Carolina, Respondent.

Appellate Case No. 2020-000143

———————

Appeal From Spartanburg County
Mark Hayes, II, Circuit Court Judge

———————

Unpublished Opinion No. 2024-UP-077
Heard February 6, 2024 – Filed March 13, 2024

———————

**AFFIRMED**

———————

Appellate Defender Joanna Katherine Delany, of
Columbia, for Petitioner.

Attorney General Alan McCrory Wilson, Senior
Assistant Attorney General Mark Reynolds Farthing and
Assistant Attorney General Shayla Joan Flores, all of
Columbia, for Respondent.

———————

**PER CURIAM:** Brittany C. Foster appeals the post-conviction relief (PCR) court's denial and dismissal of her application for relief. Relevant here, Foster alleged that plea counsel was ineffective for advising Foster to plead guilty without explaining

that she could challenge the admissibility of her confession to murder if she proceeded to trial.  We affirm.

"Our standard of review in PCR cases depends on the specific issue before us.  We defer to a PCR court's findings of fact and will uphold them if there is evidence in the record to support them." *Smalls v. State*, 422 S.C. 174, 180, 810 S.E.2d 836, 839 (2018).  "[W]e [also] afford great deference to a PCR court's credibility findings." *Frierson v. State*, 423 S.C. 257, 262, 815 S.E.2d 433, 435 (2018).  However, "[w]e review questions of law de novo, with no deference to [the PCR] court[]." *Smalls*, 422 S.C. at 180–81, 810 S.E.2d at 839.

"To establish a claim of ineffective assistance of counsel, the [PCR applicant] has the burden of proving '(1) counsel failed to render reasonably effective assistance under prevailing professional norms[] and (2) counsel's deficient performance prejudiced the applicant's case.'"  *Frierson*, 423 S.C. at 262, 815 S.E.2d at 436 (quoting *McKnight v. State*, 378 S.C. 33, 40, 661 S.E.2d 354, 357 (2008)).

"Failure to make the required showing of either deficient performance or sufficient prejudice defeats the ineffectiveness claim." *Strickland v. Washington*, 466 U.S. 668, 700 (1984).  Thus, "there is no reason for a court deciding an ineffective assistance claim to approach the inquiry in the same order or even to address both components of the inquiry if the defendant makes an insufficient showing on one." *Id.* at 697.

Regardless of whether plea counsel was deficient, we agree with the PCR court that Foster failed to satisfy the prejudice prong of her ineffective assistance claim.  *See Frierson*, 423 S.C. at 262, 815 S.E.2d at 436 ("In order to establish prejudice when challenging a guilty plea, a defendant must prove 'there is a reasonable probability that, but for counsel's errors, the defendant would not have pled guilty, but would have gone to trial.'" (quoting *Harden v. State*, 360 S.C. 405, 408, 602 S.E.2d 48, 49 (2004))).

Foster relies on her testimony at the PCR hearing to prove prejudice.  At the hearing, Foster testified that "had [she] known that [she] was waiving all of [her] rights, [she] wouldn't have pled guilty[;] [she] would have took it to trial."  However, the PCR court found Foster's testimony not credible,[1] and we must give great deference to the court's findings on credibility.  *Frierson*, 423 S.C. at 262, 815 S.E.2d at 435.

---

[1] Foster notes that the PCR court did not explicitly find her testimony regarding proceeding to trial not credible.  Though the court made its credibility finding under

The PCR court had good ground to doubt the genuineness of Foster's assertion that she would have chosen a trial if she had known she could move to have her confession suppressed. The record demonstrates that Foster understood the high probability of an unfavorable trial outcome—thus making it very unlikely she would have gone to trial. *Cherry v. State*, 300 S.C. 115, 119, 386 S.E.2d 624, 626 (1989) ("The appropriate scope of review of th[e] [reviewing] [c]ourt is that 'any evidence' of probative value is sufficient to uphold the PCR judge's findings." (quoting *Webb v. State*, 281 S.C. 237, 238, 314 S.E.2d 839, 839 (1984))).

As plea counsel pointed out at the PCR hearing, there was a strong chance Foster would have been convicted had she proceeded to trial, and it appears Foster was aware of this risk. It also seems highly unlikely that suppressing Foster's confession would have materially decreased the odds of an unfavorable trial outcome. Irrespective of Foster's confession, law enforcement had other evidence pointing to Foster as the shooter, including a co-defendant's statement against her.

In short, the PCR court found Foster's testimony that she would have proceeded to trial was not sincere and that a plea was the only rational action for her to take. Under these facts, we agree. *See Padilla v. Kentucky*, 559 U.S. 356, 371–72 (2010) (concluding, to meet "*Strickland*'s high bar," the "petitioner must convince the court that a decision to [proceed to trial] would have been rational under the circumstances"); *United States v. Fugit*, 703 F.3d 248, 260 (4th Cir. 2012) ("The [petitioner]'s subjective preferences, therefore, are not dispositive; what matters is whether proceeding to trial would have been objectively reasonable in light of all of the facts."); *id.* at 260–61 (citing *Pilla v. United States*, 668 F.3d 368, 373 (6th Cir. 2012) (finding that proceeding to trial would have been irrational where defendant "faced overwhelming evidence of her guilt" and "had no rational defense, would have been convicted[,] and would have faced a longer term of incarceration")).

Accordingly, the PCR court's denial of relief is

**AFFIRMED.**

**GEATHERS, HEWITT, and VINSON, JJ., concur.**

---

a separate allegation in the order denying PCR, it is clear throughout the entirety of the order that the court did not think Foster was credible.